PRINCE GEORGE'S COUNTY, MARYLAND ET AL.
*v.* McBRIDE ETC.

[No. 11, September Term, 1971.]

*Decided October 20, 1971.*

236

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Harry L. Durity, Deputy County Attorney,* with whom were *Walter H. Maloney, Jr., County Attorney,* and *James B. Berry, Associate County Attorney,* on the brief, for appellants.

*Joseph F. McBride,* with whom were *Robert S. Hoyert, Robert A. Diemer, Bill L. Yoho, Roy W. Hooten* and *Hoyert, Diemer, Yoho, Hooten & McBride* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

Legislative intent has often been the subject of debate and conjecture and here we are presented with the task of elucidating the Maryland Legislature's purpose in passing two acts which affect zoning regulations in Prince George's and Montgomery Counties. This case originated in the Circuit Court for Prince George's County where the court (Taylor, J.) was asked to decide whether two laws, passed within five days of each other at the same legislative session, and becoming effective on the same date, were compatible; or whether one repealed the other. The two acts, Chapter 278 and Chapter 711 of the 1969 Laws of Maryland, were both intended as amendments to § 59-83 of the existing Code of Public Local Laws of

Prince George's County (1963 ed., and 1967 Supplement, being Article 17 of the Code of Public Local Laws of Maryland).[1] Chapter 278 was passed by the General Assembly on March 19, 1969, signed by the Governor on April 23, to take effect July 1 of that year. It deals exclusively with subsection (d) of § 59-83, and its stated purpose is to provide that:

> *"in both Montgomery and Prince George's Counties* there must be a two-thirds majority vote of the District Council to turn down the recommendation of a municipality concerning a zoning amendment within its corporate limits." (Emphasis added.)

Prior to this act, only Montgomery County had such a provision.

Chapter 711 was passed March 24, 1969, approved by the Governor May 14, also to become effective July 1, 1969. This act amended many sections, including § 59-83 in which it made extensive changes in subsections (a) and (b) and deleted (c) and (f) completely. Apparently its only intended effect on §§ 59-83 (d) and (e) was to re-letter them (C) and (D) respectively. However, when subsection (d) was relettered to (C), the old language of the 1967 Supplement rather than the new proposed language of Ch. 278 was incorporated in its entirety. In other words, Ch. 711 instead of requiring a two-thirds majority vote in both Prince George's and Montgomery Counties, required such a vote in Montgomery and made no mention of Prince George's County.

The controversy here arose as a result of this discrepancy. The appellant, the Prince George's County Board of County Commissioners, sitting as the District

---

1. These two chapters purport to make changes in statutes dealing with zoning in Prince George's and Montgomery Counties, on a bi-county basis. Since these chapters amend the law of each county the change also refers to the codification of the Montgomery County law found at § 70-89, Code of Public Local Laws of Montgomery County (1965 ed., being Art. 16, Public Local Laws of Maryland).

Council, denied a request by Joseph F. McBride, agent for the owners, to rezone four lots located in the incorporated City of Bowie, from a C-1 to a C-2 zone. A three-two majority of the Council voted to grant the application. However, in announcing its final decision they stated: "[f]or want of a two-thirds majority vote, the application was *DENIED,* by operation of law, in accordance with Chapter 278, Laws of Maryland, 1969." Following this adverse ruling Mr. McBride pursued two separate courses of action. He first filed an appeal, which is still pending, to the Prince George's County Circuit Court. He also initiated this litigation for declaratory relief under Art. 31A of the Maryland Code (1957, 1971 Repl. Vol.) asking the court to declare Ch. 278 repealed by Ch. 711 and, as a result, uphold the simple majority vote already recorded as having rezoned the property. Judge Taylor decided that Ch. 278 was repealed by the later enactment of Ch. 711, and therefore the property had effectively been rezoned by the majority vote. From that decision this appeal is taken, with the sole issue before us being whether these two statutes are compatible with each other. We conclude they are and reverse the trial court.

Generally there are two ways in which the Legislature abrogates its own laws. This can be accomplished either by repealing such acts expressly or by implication. *Cumberland v. Magruder,* 34 Md. 381, 386 (1871). As to the first method the appellee does not contend that Ch. 711, by direct reference, expressly repeals Ch. 278. In fact, § 59-83 (d) is not even referred to by chapter number. Mr. McBride does contend that the general code reference to § 59-83, in both the title and enacting provisions of Ch. 711, has the effect of expressly repealing Ch. 278 which had earlier become a part of that section. Section 1 of Ch. 711 reads:

*"Be it enacted by the General Assembly of Maryland,* That subsections (c), (d), (e), (f) and (g) of Section 1(63) of Chapter 667 of the

Laws of Maryland, 1967; Section 1(72) of Chapter 582 of the Laws of Maryland, 1967; Section 1(75) of Chapters 307 and 659 of the Laws of Maryland, 1967; and Section 1(78) of Chapters 170 and 247 of the Laws of Maryland, 1967; said Sections being also Sections 70-74, 70-83, 70-86, 70-87, and 70-89 of the Code of Public Local Laws of Montgomery County (1965 Edition, being Article 16 of the Code of Public Local Laws of Maryland), title "Montgomery County," subtitle "Maryland-National Capital Park and Planning Commission," subheading "Article III. Maryland-Washington Regional District," and Sections 59-68, 59-77, 59-80, 59-81 and *59-83 of the Code of Public Local Laws of Prince George's County (1963 Edition and 1967 Supplement,* being Article 17 of the Code of Public Local Laws of Maryland), title "Prince George's County," subtitle "Park and Planning Commission," subheading "Regional District," be and they are hereby repealed and re-enacted, with amendments, to read as follows:" (Emphasis added.)

We do agree that this reference to § 59-83 includes all of its subsections, and to that extent an express repeal did occur. However, since the explicit language limits § 59-83 of the Code to the 1963 Edition and its 1967 Supplement, and does not include subsequent amendments, the legislative purpose was to repeal only § 59-83 as it existed in 1967. Chapter 278 was not enacted until 1969 and is therefore not expressly repealed.

Having made this determination we now must decide whether there was repeal by implication. Mr. McBride argues there was and suggests that the "intermediate amendment rule," codified as Art. 1, § 17 of the Maryland Code (1957, 1968 Repl. Vol.), when applied to this case supports such a conclusion. Section 17 states:

"If two or more amendments to the same sec-

tion or subsection of the Code are enacted at the same or different sessions of the General Assembly, and one of them makes no reference to and takes no account of the other or others, *the amendments shall be construed together, and each shall be given effect, if possible and with due regard to the wording of their titles.* If the amendments are irreconcilable and it is not possible to construe them together, the latest in date of final enactment shall prevail." (Emphasis added.)

This statute is also expressive of the Maryland case law. *Department v. Greyhound,* 247 Md. 662, 666-67, 234 A. 2d 255 (1967) ; *Md. Indus. Devel. v. Meadow-Croft,* 243 Md. 515, 526, 221 A. 2d 632 (1966) ; *Veditz v. Athey,* 239 Md. 435, 445, 212 A. 2d 115 (1965) ; *Hensley v. Bethesda Metal Co.,* 230 Md. 556, 188 A. 2d 290 (1963). In *Hensley* Judge Hammond (now Chief Judge) quoting Sutherland, *Statutory Construction,* § 2035, said for the Court at page 561:

"[W]here a statute has been amended and changed by a later enactment, the reaffirmation of the statute in its original form operates to repeal any *inconsistent* amendments and modifications which have been engrafted upon the statute since its original enactment." (Emphasis added.)

Both the code and this statement clearly indicate that if two laws are irreconcilable a repeal by implication occurs, with the latest act prevailing over the earlier one. We agree, of course, that Art. 1, § 17 should be considered; but we disagree with appellee as to its effect on the facts of this case. The real issue is whether Ch. 278, as the intermediate statute, is compatible with Ch. 711. To determine that these two laws are not consistent we would first have to find Chs. 711 and 278 so irreconcilable and repugnant that they simply cannot stand together

and be executed at the same time. *Renz v. Bonfield Holding Co.*, 223 Md. 34, 45, 161 A. 2d 436, 437 (1960) ; *Pressman v. Elgin*, 187 Md. 446, 450, 50 A. 2d 560, 563 (1947) ; *Adams v. St. Mary's County*, 180 Md. 550, 554, 26 A. 2d 377, 379 (1942) ; *State v. Clifton*, 177 Md. 572, 574, 10 A. 2d 703, 704 (1940) ; *Fouke v. Fleming*, 13 Md. 392, 402 (1859). However, we conclude that these acts can be read together with total effect being given to all their provisions. Chapter 278 made it necessary in both Prince George's and Montgomery Counties to obtain a two-thirds voting majority of the District Council before the recommendations of a municipality could be contravened. Chapter 711 states in part: "that in Montgomery County a two-thirds majority of all members of the District Council shall be required before said council may change the zoning classification." The difference between these laws is that Ch. 711 does not mention Prince George's County in its provisions. That chapter does not say it applies *only* to Montgomery County; it simply does not enumerate the voting requirements in Prince George's County. These statutes essentially relate to the same overall subject matter and it is quite logical to conclude that Chs. 278 and 711 are the parts from which the whole emerges. Neither alone contradicts the other and in fact, taken together they amplify each other. They are in *pari materia* and should be construed as being harmonious, since they are consistent in both general scope and objective. *Welsh v. Kuntz*, 196 Md. 86, 97, 75 A. 2d 343, 347 (1950) ; *Pressman v. Elgin*, 187 Md. 446, 450, 50 A. 2d 560, 563 (1947) (and cases cited therein).

This view is in complete accord with the Legislature's express purpose in enacting these two laws. There is nothing in Ch. 711 to indicate an intent to make Ch. 278 inoperative. The title clearly says that its objective is to:

"substitute for the present language in the Regional District Law, *rules and regulations to be promulgated by the District Council, for the administrative details and procedure* in the adop-

tion of Master and General Plans, amendments thereto and Map Amendments; to include a provision for appeal to the District Council on subdivision plats." (Emphasis added.)

Nowhere does it mention or imply a desire to grant the District Council any control over the voting requirements necessary to change the zoning classification of property within any incorporated municipality.

Our conclusion is further buttressed by reference to the requirements for the introduction of bills in the House of Delegates amending existing laws. Since these two acts originated in that legislative body, all changes made in § 59-83 are controlled by Art. 31 of the "Rules of the House of Delegates of Maryland, 1969 Session." That section states in part:

> "*New and Old Matter.* When a Bill is introduced proposing to amend existing law, the Member introducing the same shall cause the *new matter, if any, to be underscored or in italics,* and all matter to be eliminated from existing law, if any, shall be indicated in its proper place *by enclosing the matter intended to be eliminated* in double parentheses or *in blackfaced brackets.*" (Emphasis added.)

All changes Ch. 711 made were identified by italicizing the new language. In subsection (d) of § 59-83 nothing is underscored or italicized. The only change was to bracket the letter "[(d)]" and make it "(C)". This indicates rather convincingly that the Legislature did not purposefully repeal Ch. 278 by reinstituting the old language of § 59-83 (d). Instead, it included what it thought was the correct version of subsection (d), unmindful of the fact that it had been repealed and reenacted with amendments, a few days earlier.

We therefore have no difficulty in deciding that these two statutes are compatible and consistent with each other. This Court has always held repeal by implication

in disfavor and has labored to reconcile existing legislation; in this case whatever labor is required is certainly minimal. We conclude by simply quoting the lucid language of Judge Alvey speaking for the Court in *Garitee v. Baltimore,* 53 Md. 422, 435 (1880) : "If the subsequent Act can be made, by any reasonable construction or intendment, to stand with the previous legislation, that construction will always be adopted. This is a canon of construction as well established as any principle of law."

> *Judgment reversed and case remanded for the issuance of a declaration in conformity with this opinion. Costs to be paid by appellee.*