## MAYOR AND CITY COUNCIL OF BALTIMORE *v.* CLERK OF THE SUPERIOR COURT OF BALTIMORE CITY ET AL.

[No. 58, September Term, 1973.]

*Decided November 12, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Richard K. Jacobsen, Assistant City Solicitor,* with whom was *George L. Russell, Jr., City Solicitor,* on the brief, for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

This is an appeal from the refusal by Judge David Ross, sitting in Circuit Court No. 2 of Baltimore City, to declare that the Mayor and City Council of Baltimore, appellant, are insulated from the demands by the clerks of the Superior Court of Baltimore City and the Circuit Court of Baltimore City, appellees, that the city pay: (i) the $10.00 docketing fee authorized to be charged by the clerks of court under Maryland Code (1957, 1973 Repl. Vol.), Art. 24, § 10 (a); and (ii) in condemnation cases, that portion of the general court costs which is provided for in Code (1957, 1971 Repl. Vol.), Art. 36, § 12 (a).[1]

First we consider whether the city is required to pay the $10.00 docketing fee. Article 24, § 10 (a) provides:

> "(a) *Deposit required.* — The clerks of the circuit courts of the counties and the clerks of the civil common-law and equity courts of Baltimore City shall not docket any suit or issue process in any original suit, matter, proceeding or action at law until the plaintiff, or someone in his behalf, shall first deposit with the clerk of the court in which

---

1. A portion of the charges authorized by these two Code sections are State funds and may be used to maintain the State funded clerk's office. This undoubtedly accounts for the controversy between these two governmental bodies.

such suit, matter or proceeding shall be brought, toward the payment of the costs of the clerk and sheriff for which plaintiff is liable, the following sums, viz.:

For and on account of the clerk's costs *for docketing such suit*, matter or proceeding, *the sum of $10 for any law case* and $15 for any equity case." (Emphasis added.)

While most of the authorized court cost charges are provided for in Art. 36, § 12 we conclude that this docketing fee is an additional cost created by Art. 24, § 10 (a). The city contends that it is exempt from the payment of this $10.00 fee by the provisions of Code (1957, 1971 Repl. Vol.), Art. 36, § 12 (d) (2) which in its pertinent portion provides:

"No charge shall be made by the clerks of court against the county commissioners of any county of the State or against the mayor and city council of Baltimore for any of the services enumerated herein, rendered such county or city except with the consent of the county commissioners of such county, or city . . . ."

The clerks do not contest the fact that under § 12 (b) of Art. 36 this docketing fee is one of the exempted enumerated services in equity cases and is therefore not collectable.[2] They contend, however, that there is no correspondingly enumerated docketing fee contained in that section of the Code (Art. 36, § 12 (a)) which lists the charges applicable to law cases. Therefore they urge that since the authority to charge this law docketing cost is outside of § 12 it is not one "enumerated herein". We agree as "if it was so, it might be,

---

2. Under recently enacted legislation, Art. 24, § 10 (a) as well as §§ 12 (a) and (b) of Art. 36 were repealed and re-enacted as amended as a new section 12 (a) of Art. 36, Code (1957, 1971 Repl. Vol., 1973 Cum. Supp.) by Ch. 532, Laws of Maryland 1973, effective July 1, 1973. This new section provides for a docketing fee applicable in law as well as equity cases and now places both charges outside the city's responsibility for these costs. The issue here, therefore, as to between these parties which is responsible for future docketing charges is moot but this case is not, as past charges are being held in escrow pending our decision here.

and if it were so it would be; but as it isn't, it ain't. That's logic." [3]

Secondly, there is discord between the parties concerning the payment of court costs in condemnation proceedings instituted by the city. Code (1957, 1973 Repl. Vol.), Art. 21, § 12-107 provides in part that "the plaintiff shall pay all of the costs in the trial court." Effective January 1, 1973, all of Art. 33A was, by Ch. 349 of the 1972 Laws of Maryland, repealed and re-enacted as Code (1957, 1973 Repl. Vol.), Art. 21, §§ 12-101 to 12-208. The purpose of this transposition was to include the law of eminent domain in the conveyancing article of the code. The quoted language with which we deal here is now codified as Art. 21, § 12-107. Clearly this change was one in form only and not one of substance as the repeal and re-enactment of this provision did not alter its wording. The clerks apparently do not question this. Instead, they contend that the "all of the costs" provision of the eminent domain statute, in whatever article it is contained, disqualifies the city when it is a condemnor from any cost exemption which may be derived from another statute, as the Legislature in Art. 33A (now Art. 21) was regulating a special class of litigation with cost provisions of its own, separate and apart from those contained in Art. 36, § 12.

It is well settled in this State that when two acts of the General Assembly covering similar subject matter make no reference to each other, if it is at all feasible, they will be construed so as to give as full an effect to each other as possible. *Prince George's Co. v. McBride*, 263 Md. 235, 240-41, 282 A. 2d 486, 489 (1971). In order for one statute to alter or limit another, the intention of the Legislature to do so must be clear and manifest; otherwise, the requirements of one will be construed as embodying the provisions of the other. In such a situation, the second statute will not be considered as a substitute for the first regardless of the order in which they were enacted. *Welsh v. Kuntz*, 196 Md.

---

**3.** *L. Carroll*, remarks of Tweedledee in *Through The Looking Glass*, Ch. 4 (1872).

86, 97, 75 A. 2d 343, 347 (1950); *Pressman v. Elgin,* 187 Md. 446, 450, 50 A. 2d 560, 563 (1947).

It is hornbook law that costs follow the judgment. However, it is difficult in a condemnation suit to determine who in fact was the losing party. This perplexing problem can be compounded by the fact that absent a statute costs cannot be taxed against the State. 2 *Poe, Practice,* § 840 (Tiffany ed. 1925). The law in what is now Art. 21, § 12-107 was initially enacted largely as a solution to this quandary by insuring that the condemnee will never have to pay judicial costs for the taking of his property. With this in mind, the issue in this case boils down to whether the burden of certain enumerated costs can be shifted from one governmental body to another. We think they can and we think that the law permits just that. Stated another way, although the city as a condemnor incurs responsibility for all costs in the trial court under Art. 21, § 12-107 and though these costs are due and payable under that section, the portion enumerated in Art. 36, § 12 (a) becomes uncollectable by the State at the election of the city as a result of the exemption contained in Art. 36, § 12 (d) (2). When examined in this light, we perceive no conflict between the provisions of the two statutes in question; in fact, they are in *pari materia.* Accordingly, we conclude the city may elect not to pay the clerks any of the costs taxed in a condemnation case which are enumerated in Art. 36, § 12 (a).

> *Judgment affirmed in part and reversed in part.*
>
> *Proceedings remanded to the Circuit Court No. 2 of Baltimore City for the fashioning of a declaration in accordance with the views herein expressed.*
>
> *Costs in this Court to be paid one-half by the appellant and one-half by the appellees.*