Lee M. STEPHENS and Gwen Stephens, Plaintiffs and Respondents,

v.

Myrtle BURTON et al., Defendants and Appellants.

No. 14066.

Supreme Court of Utah.

Feb. 10, 1976.

S. Rex Lewis, of Howard, Lewis & Petersen, Provo, for Burtons.

Rodney S. Page, of Hess, Palmer, Van Wagenen & Page, Clearfield, for Jones and Dillree.

LaVar E. Stark, Ogden, Joseph Novak, Salt Lake City, for respondents.

ELLETT, Justice:

The Burtons appeal from a finding and judgment of the trial court, holding that the Stephens did not convey all water rights which they owned in the flow of some springs.

The Stephens and defendant Jones owned the right to use the flow of water equally. The amount of water awarded to them was .03 cubic feet per second or 13.46 gallons per minute. Thus the Stephens had a right to use 6.73 gallons per minute —which amount was to be used upon 17.88 acres of land which they owned.

They sold a house and .39 of an acre of land to John E. Burton by warranty deed with no mention made of any water rights being conveyed or reserved. They then sold 3.16 acres of the land to Myrtle and Jack E. Burton containing some sheds and water troughs upon it. This conveyance was by warranty deed which specifically provided for "a stock water right from the pipeline crossing the property."

Our statute[1] provides, in substance, that a right to the use of water appurtenant to land shall pass to the grantee of such land, but where the water right has been exercised in irrigating different parcels of land at different times, such right passes only the water which was exercised next preceding the time of the execution of any conveyance. It further provides that the grantor may reserve the right to use the water by a reservation in *express terms* in the conveyance or that he may separately convey the water.

The Burtons claim that the use of the entire flow of the spring was conveyed by the two deeds and that the plaintiffs have no rights in and to the use thereof.

The court heard testimony from the parties and their expert witnesses and found that 2.779 gallons of water per minute could be beneficially used in connection with the .39 acre tract and awarded the use of that amount of the flow to John E. Burton. It further found that the stock watering requirements for the land sold to Myrtle and Jack E. Burton was .139 gallons per minute which would be enough for eight head of cattle.

The court further found that no greater use of the water was conveyed and that the Stephens retained the right to use 3.812 gallons per minute of the flow from the spring.

The Stephens contend that by conveying a stock water right they in effect reserved in express terms all water rights except for stock watering purposes. We do not think there *was* any reservation in *express terms* made in the deed of conveyance but that the stock watering right in use on the 3.16 acres of land at the time of the agreement to sell, and for a reasonable period of time prior thereto, was appurtenant to and passed with the land.

The court found the water right which was appurtenant to the .39 acre tract was for the irrigation of that part of the tract which could be irrigated plus the domestic use for five people.

We are unable to determine from the findings whether the amount allowed for irrigation was the amount which had been used for a reasonable time prior to the sale or whether it was the amount which the court believed could be beneficially used thereafter. Neither can we say whether the five people using water in the house were the number which used it before the sale or whether it is the five persons who will be using it hereafter. Likewise, we are not able to ascertain whether the eight head of cattle are the number which the seller watered on the 3.16 acre tract prior

---

1. 73–1–11, U.C.A.1953.

to sale or the amount of cattle which the land will conveniently carry at this time.

■ We believe and hold that the water appurtenant to the two tracts of land conveyed is the amount of water which was beneficially used thereon before and at the time of the sale.

The case is remanded to the trial court with directions to ascertain the amount of water last used upon the two parcels of land immediately prior to the sale and to award those amounts to the respective purchasers.[2] In so far as the present judgment awards that amount of the use of the water to the parties, it is hereby affirmed. If it awards more or less than that amount, it is reversed.

No costs are awarded.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, Justice, dissenting:

For the following reasons, I dissent:

In my view, a conveyance of "a stock watering right" is, in terms, an express reservation of whatever other rights there may be; and is thus in compliance with the statute.

It appears to me that the trial court took into consideration the total acreage to which the water was appurtenant, including the 11.4 acres of land retained by plaintiff. It further appears that on this base, a proper allocation of the available water was made. The extension of the water line to that part of plaintiffs' property where he later built his house is also an important consideration, particularly in view of what I believe to be a limitation in the deed. It appears that this was also considered by the trial court. I would affirm.

**2.** A new trial is not required. If the court needs additional evidence, the case can be opened on its motion and additional evidence taken.