COMMISSION ON MEDICAL DISCIPLINE OF
MARYLAND *v.* BENNE G. BENDLER

[No. 15, September Term, 1977.]

*Decided June 1, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Jack C. Tranter, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellant.

*James W. Salter, III,* with whom were *Tomes & Salter* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

We granted certiorari in this case to decide whether the Circuit Court for Montgomery County erred in concluding that there was legally insufficient evidence before the Maryland Commission on Medical Discipline to permit the indefinite suspension of the appellee's license to practice medicine in this State. Since we find that the circuit court had no jurisdiction in the matter, we are precluded from reaching the merits of the case and must therefore dismiss the appeal.[1]

The appellee, Dr. Benne Bendler, an internist specializing in pulmonary disease, enjoyed admitting privileges at the Holy Cross Hospital in Montgomery County. In early 1974

---

1. The issue of jurisdiction was not raised by the parties either below or on appeal. Maryland Rule 885, governing the scope of our appellate review, provides that "a question as to the jurisdiction of the circuit court may be raised and decided in this Court, whether or not raised and decided in the circuit court."

her medical colleagues began noticing that she appeared euphoric at times and that her speech was occasionally slurred. They, therefore, monitored her patients and, in mid-summer, 1975, her hospital privileges were withdrawn. An investigation revealed that, contrary to her prior practice, Dr. Bendler was writing a large number of prescriptions for certain controlled drugs, which she frequently picked up herself, often paying cash. She was called before the Montgomery County Medical Society and appeared on one occasion. She did not return, although she had been requested to meet monthly with the Society.

In the fall of 1975, the matter was referred to the Commission on Medical Discipline (the Commission), which was "established as part of the Department of Health and Mental Hygiene." Maryland Code (1957, 1971 Repl. Vol.), Art. 43, § 130 (a). The Commission charged Dr. Bendler with "[p]rofessional, physical, or mental incompetency," [2] and on November 18, 1975, it held a hearing. Dr. Bendler was notified but did not attend. She was found guilty of professional incompetence, and her license to practice medicine was suspended indefinitely.

Dr. Bendler appealed directly to the Circuit Court for Montgomery County, contending that the evidence before the Commission was legally insufficient to support the Commission's decision. The circuit court agreed, holding that the Commission's action was not supported by competent, material, and substantial evidence; it reversed the order of the Commission. The Commission noted an appeal to the Court of Special Appeals,[3] and we granted certiorari prior to decision by that court.

It is clear that orders of the Commission are subject to judicial review. Article 43, § 130 (p) [4] deals specifically with judicial review of Commission decisions suspending a physician's license to practice medicine; it directs that

2. Code (1957, 1971 Repl. Vol., 1976 Supp.), Art. 43, § 130 (h) (18).

3. By Chapter 168, Laws of 1975, codified as Art. 43, § 130 (p), the Commission was given the right of appeal to the Court of Special Appeals.

4. Code (1957, 1971 Repl. Vol., 1976 Supp.).

judicial review shall be by an appeal to the Baltimore City Court or to a county circuit court, filed within thirty days after the filing of the Commission's order. Article 43, § 130 (j) [5] provides that all proceedings of the Commission are subject to the provisions of the Administrative Procedure Act, which entitles an aggrieved party to judicial review of a final agency decision in a contested case. Code (1957, 1971 Repl. Vol.), Art. 41, § 255 (a).

Code (1957, 1971 Repl. Vol., 1976 Supp.), Art. 41, § 206A (c) provides that the Board of Review of the Department of Health and Mental Hygiene "shall hear and determine appeals from those decisions of the Secretary or any departments or other agencies within the Department ... which are subject to judicial review under § 255 of this article [Administrative Procedure Act] or under any other provisions of law." Section 206B sets forth the procedure to be followed in all cases appealable to the Board under § 206A. It provides that the decision of the Board of Review "shall be the final agency decision for purposes of judicial review under § 255 of this article or for purposes of any other provisions of law permitting appeals to the courts from decisions of agencies included within the Department of Health and Mental Hygiene." The section further provides that "[a]ppeals from decisions of the board shall be as prescribed in the Administrative Procedure Act or by the substantive law applying to commission, department, board or other instrumentality whose decision is being appealed." That a decision by the Board of Review is an absolute prerequisite to judicial review is clear beyond question. *Leatherbury v. Gaylord Fuel Corp.*, 276 Md. 367, 347 A. 2d 826 (1975); see also *Chertkof Trust v. Department*, 265 Md. 291, 289 A. 2d 314 (1972).

Since the Commission on Medical Discipline is an agency of the Department of Health and Mental Hygiene, and since its decision to suspend Dr. Bendler's license was reviewable by the Board of Review under §§ 206A and B, the appellee erred in seeking judicial review under Art. 43, § 130 (p) or

---

5. Code (1957, 1971 Repl. Vol.).

Art. 41, § 255 (a) without first exhausting her administrative remedies. Where, as here, two statutes deal with the same subject matter and are not inconsistent with one another, they must be construed together and, to the extent possible, full effect given to each. *Dep't of Nat. Resources v. France,* 277 Md. 432, 357 A. 2d 78 (1976); *Smith v. Gray Concrete Pipe Co.,* 267 Md. 149, 297 A. 2d 721 (1972). While these statutes were enacted at different times and contain no reference to each other, they must be harmonized insofar as possible. *City of Baltimore v. Clerk,* 270 Md. 316, 311 A. 2d 261 (1973); *Bd. of Fire Comm'rs v. Potter,* 268 Md. 285, 300 A. 2d 680 (1973); *May v. Warnick,* 227 Md. 77, 175 A. 2d 413 (1961).

This principle of statutory construction operates because the law does not favor repeal by implication. *Dep't of Nat. Resources v. France, supra; Waye v. State,* 231 Md. 510, 191 A. 2d 428 (1963). Unless the intention of the legislature is clearly otherwise, "the requirements of one will be construed as embodying the provisions of the other." *City of Baltimore v. Clerk,* 270 Md. at 319, 311 A. 2d at 263.

Because these two provisions can easily be reconciled, we need not inquire which is the later enacted or the more specific. *See Criminal Inj. Comp. Board v. Gould,* 273 Md. 486, 331 A. 2d 55 (1975); *Bd. of Fire Comm'rs v. Potter, supra.* As indicated, a party aggrieved by the Commission's decision to suspend a physician's license to practice medicine must seek review of that decision by the Board of Review. Art. 41, § 206B. Only then does the Board's action constitute an appealable order or certificate for purposes of judicial review. By not following the specified statutory procedure, Dr. Bendler failed to exhaust her administrative remedies and was therefore not then eligible to invoke the ordinary general jurisdiction of the courts. *Agrarian, Inc. v. Zoning Inspector,* 262 Md. 329, 277 A. 2d 591 (1971); *Lee v. Sec. of State & Mahoney,* 251 Md. 134, 246 A. 2d 562 (1968).[6]

6. In so concluding, we have carefully considered a supplemental brief filed by the appellee on the jurisdictional question.

The Commission's order indicates that, upon compliance with conditions specified therein, Dr. Bendler may petition for a modification or removal of the suspension. Should she file such a petition, and should she then be dissatisfied with the Commission's action, administrative remedies, pursuant to Art. 41, § 206B, and judicial review, if necessary, may then be available to her.

> *Judgment of the Circuit Court for Montgomery County vacated; case remanded to that court with directions that it dismiss the appeal from the order of the Commission on Medical Discipline; each party to pay own costs.*