ROBERT UHLER v. SECRETARY OF HEALTH AND
MENTAL HYGIENE

[No. 833, September Term, 1979.]

*Decided April 11, 1980.*

The cause was argued before MOYLAN, MOORE and WILNER,
JJ.

*Charles O. Fisher,* with whom were *Walsh & Fisher* on the
brief, for appellant.

*Standish McCleary, III, Assistant Attorney General,* with
whom was *Stephen H. Sachs, Attorney General,* on the brief,
for appellee.

MOORE, J., delivered the opinion of the Court.

This is an appeal by Robert Uhler, the defendant-appellant, from an order of the Circuit Court for Carroll County which required him to comply with an administrative order of the Secretary of Health and Mental Hygiene (Secretary), barring him from operating a landfill on his farm. Mr. Uhler argues in this Court that the lower court erred when it ruled that he had forfeited his right to defend against enforcement of the Secretary's order because he had failed to pursue an appeal pursuant to Md. Ann. Code, art. 43, § 404 (1980).[1] He also contends that the Secretary does not have jurisdiction over the landfill because it is not a system "for public use" within the provisions of Md. Ann. Code, art. 43, § 394 (1980).

I

Mr. Uhler purchased his farm in Finksburg in 1965. A large ravine, covering about five acres, was in existence when he took possession, and he immediately attempted to reclaim the land for farming purposes by filling the ravine with farm wastes. In addition, he asked his brother, who operated a hauling business, to deposit in the ravine any rubble that he had occasion to haul. This arrangement existed for five years prior to August 14, 1978. On that date Mr. Uhler was served with a written order issued by the Secretary commanding that: "All dumping at this site cease immediately...." The order also required him to cover the

---

1. This Code provision is entitled "Appeals" and authorizes the commencement of an action, within ten days after the service of an order of the State Board of Health with which a person is dissatisfied, in the Circuit Court for any county or in any court of Baltimore City of appropriate jurisdiction. In any such action, the State Board of Health would be the named defendant and the action would be brought in order to vacate and set aside the order on the ground that it is "unlawful or unreasonable or that said order is not necessary for the protection of the public health or comfort."

It is also provided that the Board of Health file an answer within ten days and that the case thereafter stand ready for trial upon fifteen days notice to either party. Such actions are accorded precedence over any civil cause except appeals from an order of the Public Service Commission.

As of July 1, 1969 "all rights, powers, duties, obligations and functions conferred upon or exercised by the State Board of Health" were transferred to the Secretary of Health and Mental Hygiene. Md. Ann. Code, art. 43, § 1H (1980).

landfill with a minimum of two feet of earth and to grade and seed the area. In addition he was informed that: "Engineering plans and specifications . . . must be submitted . . . if the site is proposed for future use. . . ." A letter accompanying the order said: "If you have any further questions, please do not hesitate to communicate with this office."

At the hearing below, Mr. Uhler testified that he called the office and spoke to Richard Nace, a State geologist. According to appellant:

> "[Mr. Nace] said if there's any more trouble, he'd give me a call. Otherwise, if he didn't call me, the way I understood him, it would be all right to go ahead, that [the order] wouldn't apply to me."

It is undisputed that Mr. Uhler took no corrective action after talking to Mr. Nace in August, 1978.

On October 30, 1978, the Secretary filed a bill of complaint in the circuit court seeking a mandatory injunction and civil penalties against Mr. Uhler for violation of the August 14, 1978 administrative order. In his answer he claimed, *inter alia,* that the landfill was not operated "for public use" and that the Secretary's order "denied the defendant procedural and substantive due process."

In due course, a hearing was held in the circuit court, and testimony was taken from Norman Chapman, a consultant with the State, and Mr. Uhler. The court held the case, *sub curia,* and thereafter filed a "memorandum order" in which it held that Mr. Uhler had "forfeited his right" to contest the order of August 14, 1978 because he failed to seek relief under the procedure for judicial review provided by Md. Ann. Code, art. 43, § 404 (1980), *supra,* n. 1.

On appeal his main contention is that the Secretary's order did not comport with the requirements of due process, specifically that, "[t]he failure to provide notice and an opportunity to be heard renders the Secretary's Order void." We agree.

## II

Preliminarily, we observe that the lower court was inaccurate in holding that the remedy established by Md. Ann. Code, art. 43, § 404 (1980) was available to Mr. Uhler at the time he received the Secretary's order. That avenue of relief was not then available; his proper course, at that juncture, was an appeal to the Board of Review of the Department of Health and Mental Hygiene, pursuant to Md. Ann. Code, art. 41, § 206B (1979 Cum. Supp.).[2] *Commission on Medical Discipline v. Bendler,* 280 Md. 326, 373 A.2d 1232 (1977). Indeed, had appellant filed suit under § 404, his action would have succumbed before a defense that he had failed to exhaust his administrative remedies. *Id.* at 330, 373 A.2d at 1234.[3]

The question properly before the lower court, therefore, and now confronting this Court, is whether Mr. Uhler's failure seasonably to pursue his administrative remedy, at the time the order issued, constituted a waiver. In our view, there could have been a waiver — but only if Mr. Uhler had received proper notice from the Secretary of his right to an

---

**2.** The Board of Review was created by Md. Ann. Code, art. 41, § 206A (1978, 1979 Cum. Supp.) and was mandated by § 206A (c) to "hear and determine appeals from those decisions of the Secretary or any departments or other agencies within the Department of Health and Mental Hygiene which are subject to judicial review under § 255 [Administrative Procedure Act] of this article or under any other provisions of law." Section 206B sets forth the procedure to be followed in all cases appealable to the Board under § 206A. It begins by providing that "a person aggrieved" shall first make known to the person responsible for the decision the basis for his complaint, "with a request that it be reviewed." Thirty days are allowed for a "satisfactory resolution," in the absence of which the complainant may seek further review under § 206B (1) by filing a written complaint with the chief executive officer of the department "or other agency." Thereafter, a party aggrieved "may file an appeal to the Board of Review under § 206B (2).

**3.** In *Bendler,* a physician's license was suspended for incompetence and she filed suit in the Circuit Court for Montgomery County under Md. Ann. Code, art. 43, § 130 (p) (1980), permitting appeals to the Baltimore City Court or any county circuit court from the suspension or revocation of a physician's license by the Commission on Medical Discipline established by § 130. The Court, in an opinion by Chief Judge Murphy, held that this provision and the provisions of Md. Ann. Code, art. 43, § 206B were not inconsistent with each other and that a decision by the Board of Review under § 206B is "an absolute prerequisite to judicial review." 280 Md. at 329, 373 A.2d at 1233.

administrative appeal, a fundamental requirement of due process. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Although, as the Supreme Court observed in *Board of Regents v. Roth,* 408 U.S. 564, 570 (1972), "the range of interests protected by procedural due process is not infinite," clearly Mr. Uhler's real property, including the use of his ravine, is protected. With respect to protected interests, the Supreme Court has also held, in language strikingly apposite here:

> "While '[m]any controversies have raged about ... the Due Process Clause,' ... it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate [a protected] interest ..., it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective."

*Bell v. Burson,* 402 U.S. 535, 542 (1971) (footnote omitted) (emphasis in original), quoting in part from *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950).

Here, without any prior warning or notification of *any* kind, appellant's right to the use of his ravine was terminated "immediately." The *ex parte* order was itself the property owner's first notification of alleged illegal landfill activity; and neither the order nor the accompanying letter informed him of his right to an administrative appeal pursuant to Md. Ann. Code, art. 41, § 206B (1979 Cum. Supp.).

In a recent case involving "[l]ay consumers of electrical service," [4] whose service had been terminated, the Supreme Court addressed itself to the constitutional requirement of notice in this manner:

> "Petitioners' notification procedure, while ade-

---

4. Memphis Light, Gas and Water Division v. Craft, 436 U.S. 1, 14, n. 15, 98 S. Ct. 1554, 1563, n. 15 (1978).

quate to apprise the Crafts of the threat of termination of service, *was not 'reasonably calculated' to inform them of the availability of 'an opportunity to present their objections' to their bills. . . .* The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Notice in a case of this kind does not comport with constitutional requirements when it does not advise the customer of the availability of a procedure for protesting* a proposed termination of utility service as unjustified. As no such notice was given respondents — despite 'good faith efforts' on their part — they were deprived of the notice which was their due."

*Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 98 S. Ct. 1554, 1563 (1978) (citation omitted) (footnotes omitted) (emphasis added).

Notice is an especially compelling requirement in circumstances such as exist here where the order was issued *ex parte* and against a layman without knowledge of the intricacies, indeed the existence, of administrative and judicial procedures. Clearly, the Secretary's offer of assistance if there were "any questions," does not immunize the "notice" provided here against Mr. Uhler's due process claim. He was never told that he had important administrative and judicial remedies which could be lost by delay in exercising them, nor was he told what those rights were.

"[W]hen notice is a person's due, process which is a mere gesture is not due process." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950). The notice provided to Mr. Uhler in the instant case was not reasonable, did not rise above a "mere gesture," and certainly did not comport with the due process requirements of the Fourteenth Amendment and Article 23 of the Maryland Declaration of Rights. *See generally Barry Properties, Inc. v. Fick Brothers Roofing Co.,* 277 Md. 15, 353 A.2d 222 (1976). *See also Allied American Co. v. Commissioner of Motor*

*Vehicles,* 219 Md. 607, 615-16, 150 A.2d 421, 426-27 (1959) (Fourteenth Amendment and Article 23 have the "same meaning and effect in reference to an exaction of property").

> "The essence of procedural due process is fundamental fairness. This embodies adequate advance notice and an opportunity to be heard prior to State action resulting in deprivation of a significant property interest. . . . *It likewise entitles a litigant to timely notice of decisions which have adjudicated his property interests in relation to available appellate remedies."*

*Mountain States Telephone and Telegraph Co. v. Department of Labor and Employment,* 184 Colo. 334, 338, 520 P.2d 586, 588-89 (1974) (citation omitted) (emphasis added) (due process requires that notice of decision of referee granting award of unemployment benefits be given to employer's counsel where absence of notice precluded timely filing of administrative appeal).

It follows, then, that because the Secretary's order did not satisfy constitutional due process requirements, it is void *ab initio. North Alabama Express, Inc. v. United States,* 585 F.2d 783, 786 (5th Cir. 1978) ("Failure to provide adequate notice is a jurisdictional defect that invalidates administrative action until the defect is cured."). The circuit court erred in not granting Mr. Uhler's prayer that the bill of complaint be dismissed.[5] Of course, nothing in our ruling prevents the Secretary from issuing a new order that comports with the requirements of due process of law.

> *Judgment reversed; cause remanded to the Circuit Court for Carroll County with instructions to dismiss the bill of complaint; costs to be paid by the appellee.*

---

5. In light of our disposition of the case, we do not consider Mr. Uhler's challenge to the Secretary's jurisdiction.