**CORNISH TOWN, a municipal corporation, Plaintiff and Appellee,**

v.

**Evan O. KOLLER and Marlene B. Koller, husband and wife, Defendants and Appellants.**

**No. 890020.**

Supreme Court of Utah.

Sept. 19, 1990.

---

**754**

George W. Preston, Logan, M. Byron Fisher, Salt Lake City, for plaintiff and appellee.

Reed L. Martineau, Jody K. Burnett, Salt Lake City, for defendants and appellants.

HALL, Chief Justice:

This case is on appeal for a second time from the First Judicial District Court, Cache County, this court having previously reversed in part and affirmed in part.[1] On remand, the trial court amended the findings of fact entered from the trial. Appellants objected and subsequently brought this appeal, claiming prejudicial error.

This is a long-standing dispute between the municipality of Cornish Town (Cornish) and Evan O. and Marlene B. Koller (Kollers) over water rights. Kollers claimed that by deed from their predecessor in interest they are entitled to water rights reserved from a spring located on their property. The pertinent language contained in the deed reads as follows:

> Grantors reserve the right to use the water for human drinking and stock watering purposes. This use to be confined to a water flow through a ¾ inch tap, and Grantee agrees to pipe the said water to the home of Lars Pearson for culinary and domestic purposes. All water to be measured through a culinary water meter.

A trial over the disputed water rights and interpretation of the deed was held on February 16, 17, and 18, 1983. At the conclusion of the bench trial, the court made findings of fact which included the following:

> 5. Defendants' predecessor in interest reserved the right to use water for human drinking and stock watering purposes. This flow to be confined to a water flow through a ¾ inch tap and Grantees agree to pipe the said water to the home of Lars Pearson, Defendants' predecessor, for culinary and domestic purposes. All water to be measured through a culinary water meter. The tap

---

1. *Cornish Town v. Koller,* 758 P.2d 919 (Utah 1988).

is situated approximately 50 feet west of the Defendants' residence.

6. That the Defendants acquired the right, title and interest ... as it relates to the water right to be used through the ¾ inch tap.

. . . .

20. The Court finds that the Defendants are to receive the water but that Defendants are not entitled to say where they receive it from, and that the source is not restricted solely to the Pearson Spring. The Court finds that Plaintiff is entitled to determine where the union with the Cornish line will be located and shall thereafter provide and pipe through a ¾ inch tap to the home of the Defendants, culinary water as set forth in the deed.

The pivotal issue on the first appeal was whether Cornish had the right to determine the connecting point of Kollers' culinary waterline with the Cornish water system. Kollers claimed that the deed from their predecessor gave them the right to receive their water from Pearson Spring and not Cornish's general culinary water supply. We held that Kollers' predecessor, the Pearsons, had no ownership interest in the Cornish water supply and therefore could have reserved only that in which they did have an ownership interest, the spring located on their property which they were conveying to Cornish.[2] Kollers, therefore, had a right to the water supply directly from Pearson Spring.

On remand, Kollers submitted amended findings of fact and conclusions of law to Cornish, addressing alleged clerical errors and amendments to finding No. 20 regarding the source and location of the water supply as delineated by our opinion. Cornish made no objections to the amendment.

A hearing on the amendments and clerical errors was held on November 15, 1988, at which Cornish orally moved that the trial court amend or clarify finding of fact No. 5. Despite Kollers' objection, the trial court granted Cornish's motion without taking evidence and added the following to paragraph 5: "However, as long as Cornish provides the water through a ¾ inch

tap from the Pearson Spring that complies with the deed regardless of where the tap is located in relation to the residence."

Cornish proposed to construct a diversion box adjacent to its main water line on a hill above the Koller residence and connect a ¾-inch tap into the box to allow water to flow downhill to the Koller residence. At that time, Kollers' water tap was located approximately 50 feet west of their house and operated at a pressure of 100+ psi. Kollers argue that the effect of the diversion box would be to limit or quantify the amount of water Kollers would receive.

Kollers present two issues on appeal: (1) whether the trial court erred in entertaining Cornish's motion to amend finding of fact No. 5 where the motion was made without notice to Kollers and was made more than four and one-half years after the entry of the initial finding; and (2) whether the trial court substantively erred in modifying the findings of fact in that the deed of conveyance which reserved a water right in Pearsons and their predecessors did not specify where the tap from Pearson Spring must be placed.

## I. NOTICE

■ The first issue raised by Kollers concerns the trial court's granting Cornish's motion to amend finding of fact No. 5. Kollers claim that this motion was made without notice to them, which caused them to be unprepared to address the substantive arguments against the amendment.

Rule 52 of the Utah Rules of Civil Procedure governs the amendment of findings of fact and states:

(a) Effect. . . . Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . .

(b) Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and

2. *Id.* at 921.

may amend the judgment accordingly.... When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made either a motion to amend them, a motion for judgment, or a motion for a new trial.

One of Kollers' arguments is that the motion to amend the findings of fact was made four and one-half years after the entry of judgment and thus was made in violation of rule 52(b). Also, the record reveals that the issue of where the ¾–inch tap would be placed was not previously raised. The only issue addressed at trial, and thence on the first appeal, was where the water supply source would be. We held that the only source to which the deed could have referred was Pearson Spring.

The deed, however, was ambiguous with regard to where the ¾–inch tap should be located. The deed states that the use from Pearson Spring is "to be confined to a water flow through a ¾″ tap, and grantee agrees to pipe the said water to the home of Lars Pearson, for culinary and domestic purposes." Finding of fact No. 5 stated, "The tap is situated approximately 50 feet West of the Defendant's [Kollers'] residence." Finding of fact No. 5 was simply a statement of the facts as the court found them to exist; it was not a conclusion of law that the deed mandated the location of the tap to be "50 feet West of Defendant's residence."

Cornish Town's motion to amend finding of fact No. 5 was made at the hearing scheduled to amend finding of fact No. 20. Utah Rule of Judicial Administration 4–501 governs the proper procedure with regard to filing such a motion, providing as follows:

(1) All motions, except uncontested or ex-parte matter, shall be accompanied by a brief statement of points and authorities and affidavits relied upon in support thereof.... If a memorandum of points and authorities is filed in support of a motion, it must be served on the opposing party or counsel and filed with the court no later than ten (10) days before the date set for hearing.

Rule 4–501 assures timely notice of the nature of proceedings against a party. In *Nelson v. Jacobsen*,[3] we stated, "Timely and adequate notice and an opportunity to be heard in a meaningful way are the very heart of procedural fairness."[4] In *Nelson*, we further noted: "Many cases have held that where notice is ambiguous or inadequate to inform a party of the nature of the proceedings against him or not given sufficiently in advance of the proceeding to permit preparation, a party is deprived of due process."[5]

The issue as to where the ¾–inch tap need be placed is one that affects substantial rights since both parties concede that the location of the tap may quantify the water flow by affecting the pressure in the line. Because Cornish's motion to amend finding of fact No. 5 was made orally and granted in the same hearing, without notice, it was an abuse of discretion on the part of the trial court to entertain the motion.

## II. SUBSTANTIVE ERROR

■ The issue as to the location of the ¾–inch tap bears directly upon the quantity of water delivered, which is necessarily related to the water pressure derived from the location of the tap. Because of the ambiguity of the reservation in the deed, the parties should be allowed to present evidence as to the manner in which the location of the ¾–inch tap would affect the quantity and pressure of water.

---

**3.** 669 P.2d 1207 (Utah 1983).

**4.** *Id.* at 1211 (citations omitted).

**5.** *Id.* at 1212 (citing *Graham v. Sawaya*, 632 P.2d 851 (Utah 1981); *Uhler v. Secretary of Health & Mental Hygiene*, 45 Md.App. 282, 412 A.2d 1287

(1980); *Myers v. Moreno*, 564 S.W.2d 83 (Mo.Ct. App.1978)); *see also Davies v. Olson*, 746 P.2d 264, 267 (Utah Ct.App.1987); *Tripp v. Vaughn*, 746 P.2d 794, 797 (Utah Ct.App.1987); *Traylor Bros. Inc./Frunin–Colnon v. Overton*, 736 P.2d 1048, 1050 (Utah Ct.App.1987).

The final determination of the location of the ¾–inch tap should take into account the reasonable amount of water pressure necessary for culinary and domestic purposes. In determining what the reasonable quantity and pressure should be, the court should consider as one factor the historical use and location of the tap.[6] To the extent that the trial court ruled on Cornish's motion to amend without notice to Kollers and allowed Cornish unfettered discretion with regard to placement of the ¾–inch tap, it erred.

We reverse and remand for proceedings consistent with this opinion.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

6. *See generally Roberts v. Roberts,* 584 P.2d 378, 379–80 (Utah 1978); *Stephens v. Burton,* 546 P.2d 240, 242 (Utah 1976). Kollers raised the issue of the historical location of the tap at the hearing.