HENSLEY *v.* BETHESDA SHEET METAL COMPANY ET AL.

[No. 163, September Term, 1962.]

558

*Decided February 6, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Martin E. Gerel* for the appellant.

*H. Algire McFaul,* with whom were *Vivian V. Simpson, Joseph B. Simpson, Jr.,* and *Simpson & Simpson* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

The Constitution of Maryland, in Sec. 18A of Art. IV, authorizes and directs the Court of Appeals from time to time to "make rules and regulations to regulate and revise the practice and procedure in that Court and in the other courts of this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law." The present appeal is concerned with the interplay of the rule making power of this Court and that of the Legislature conferred by the phrase in the quoted language of the Constitution "or otherwise by law"; that is, whether the manner of taking an

appeal in a workmen's compensation case was controlled by a rule of this Court or a statute. The trial court held that the rule rather than the statute was applicable.

The appellant, asserting he had been injured while at work, filed a claim for workmen's compensation on April 3, 1961. The Workmen's Compensation Commission disallowed the claim on December 19, 1961. On December 26, 1961, appellant filed a notice of appeal with the Commission pursuant to the provisions of Sec. 55 of Ch. 800 of the Laws of 1914, (Code (1957), Art. 101, Sec. 56 (a)):

> "Any * * * employee * * * feeling aggrieved by any decision of the Commission * * * may have the same reviewed by a proceeding in the nature of an appeal and initiated in the Circuit Court of the County or in the Common Law Courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision * * *. No such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the Commission [or the secretary of the Commission] within thirty days following the rendition of the decision appealed from." [1]

He did not note an appeal in any court until months later, after the appellee had moved the circuit court to dismiss the appeal because it had not been filed with the court pursuant to the Maryland Rules.

In 1933 in *Monumental Printing Co. v. Edell,* 163 Md. 551, this Court held that the language of Sec. 56 (a) (then Code (1929 Supp.) Art. 101, Sec. 56) quoted above did not contemplate nor require the filing of papers or the docketing of suit in the court to which an appeal is taken as a preliminary to the required notice to a member of the Commission, and that the appeal provided by the statute was to be taken by filing notice thereof on a member of the Commission.

The Court of Appeals, pursuant to the constitutional grant of power, promulgated Rules 1101 a to 1 (now Rules B1 to

---

1. The provision "or the Secretary of the Commission" was added by Ch. 509 of the Laws of 1953.

B12) to govern the method, manner and mechanics of appeals from administrative agencies. Rule 1101 b 1 provided that an appeal should be taken by filing with the clerk of the proper court an order for appeal; and Rule 1101 b 5 directed the appellant to file with the clerk of the court, within ten days after filing the order for appeal, a petition setting forth the action appealed from, the error committed, and the relief sought, and to serve a copy on the agency involved. These Rules, which took effect January 1, 1959 (see preface to the 1961 Edition of the Maryland Rules of Procedure), clearly applied to appeals from the Workmen's Compensation Commission as the definition of administrative agency in Rule 1101 a 2 (B1 b) and the specific reference to appeals from the Commission in Rule 1101 f (B6 b) demonstrated.

At the 1960 Session the General Assembly, by Ch. 34 of the Laws of that year, repealed and reenacted with amendments Sec. 56 (a) of Art. 101 of the Code to provide that an appeal should not be a stay of any order of the Commission directing payment of compensation or the furnishing of medical treatment. The provision of the section, as it had stood since its enactment in 1914, that no appeal would be entertained unless notice thereof was served on the Commission within thirty days, was included in the statute as it was reenacted, effective June 1, 1960.

The Court of Appeals repromulgated the rules as to appeals from administrative agencies as Rules B1 to B12 (a part of Ch. 1100), effective January 1, 1962; and the Legislature, in recognition of the fact that these rules controlled such appeals from and after January 1, 1962, repealed and reenacted Sec. 56 (a) of Art. 101 of the Code by Ch. 36 of the Laws of 1962, so as to delete the requirement that an appeal is to be taken by service of a notice of appeal upon the Commission.[2]

Judge Anderson held that Maryland Rules B2 and B4 (for-

---

2. It is to be noted that by a later chapter—Ch. 40—the 1962 Legislature again repealed and reenacted Sec. 56 (a) of Art. 101 of the Code (to substitute the words "confirmed, reversed" for the word "changed," the reference being to court action as to a decision of the Commission) and restored the exact provisions as to appeal which Ch. 36 had deleted.

merly 1101 b and 1101 d) had not been complied with and, therefore, there had been no timely or effective appeal. He found no basis for exercising the power given by Rule B5 (former Rule 1101 e) to waive the dismissal of the appeal directed by that rule for failure timely to appeal or, thereafter, to file the petition of appeal.

In Maryland the repeal and reenactment of a statute is regarded as an uninterrupted continuation of the law as it existed prior to the reenactment insofar as the original provisions are repeated in the reenactment without change. *Ireland v. Shipley*, 165 Md. 90, 98; *Dental Examiners v. Lazzell*, 172 Md. 314, 319; *State v. Clifton*, 177 Md. 572, 575. It is generally held that an intermediate statute which has been superimposed upon an original enactment as a modification of its terms, if it is consistent with the reenactment, is likewise not repealed by the reenactment but is construed as being in force to modify the reenacted statute as it did the original statute. "However, this immunity from repeal is extended only to those provisions of intermediate acts which are consistent with the re-enactment, and therefore, any provisions in the intermediate act which are inconsistent with the re-enactment are repealed." 1 *Sutherland, Statutory Construction*, 3rd Ed., Sec. 2036. There is a good discussion of the exception in *United States Smelting Refining & Mining Co. v. Lowe*, 74 F. Supp. 917, 922-923. *Sutherland, op. cit.*, Sec. 2035, says: "Likewise, where a statute has been amended and changed by a later enactment, the reaffirmation of the statute in its original form operates to repeal any inconsistent amendments and modifications which have been engrafted upon the statute since its original enactment." See also *Montel v. Consolidation Coal Co.*, 39 Md. 164, 173, 174.

As we see it, Maryland Rule 1101 had the effect of a statute which repealed so much of the procedural directions as to appeals in Sec. 56 (a) of Art. 101 of the Code as it stood on January 1, 1959 (the effective date of the Rule) as was inconsistent with the rule. By the reenactment of Sec. 56 (a) with the provisions for appeal by notice to the Commission restored, the Legislature repealed the application of Maryland Rule 1101 b to appeals from the Workmen's Compensation Commission, effective June 1, 1960.

The Court of Appeals by the repromulgation as of January 1, 1962, of Rule 1101 (as Rule B) again superseded the legislative provision in Sec. 56 (a) as to the taking of appeals and made the Rule the applicable and governing law.

The appellant took his appeal on December 26, 1961, while the legislative provision was in effect and did it in the manner and within the time prescribed by the statute, and the appeal was effective. We feel he should be afforded an opportunity to file the petition contemplated by Maryland Rule B and have his appeal heard and decided.

The appellees moved to dismiss the appeal in this Court under Maryland Rules 835 b 5, 828 and 830, for that neither the brief of the appellant nor the printed appendix contained the portions of the record required by the rules to be printed. The question presented for decision is narrow, and the briefs gave us enough on which to base a decision. The motion is denied.

> *Order reversed, with costs, and case remanded for further proceedings not inconsistent with the opinion herein.*