R. EDWIN BROWN ET AL. *v.* JOHN T. HARDISTY

[No. 118, September Term, 1978.]

*Decided December 6, 1978.*

The cause was argued before MOORE, MELVIN and MACDANIEL, JJ.

*Rex L. Sturm,* with whom were *Brown & Sturm* on the brief, for appellants.

*Earl C. Hill, Jr.,* for appellee.

MELVIN, J., delivered the opinion of the Court.

The appellant property owners, R. Edwin Brown, individually and as trustee under the will of Hatton D. Brown, and Richard P. Brown, as trustee under the same will, seek shelter under Maryland Code Article 81, Section 111 (1957, 1975 Repl. Vol., 1978 Cum. Supp.) from the application of Rule 604 b of the Maryland Rules of Procedure.

A plaintiff in a proceeding to foreclose a property owner's right to redeem property sold at a tax sale is entitled, in accordance with Article 81, Section 111, to be reimbursed, upon redemption, for, among other items, "actual attorney's fee, not to exceed $100.00." [1] On the other hand, Md. Rule 604 b provides for the payment, without limitation, of "reasonable attorney's fees" that are incurred by a litigant in *"any proceeding"* (emphasis added) "in an action or part of an action" if the court finds that the proceeding was had ... without substantial justification" by "the moving party." [2]

We here hold that the limitation on attorney's fees contained in Art. 81, § 111, does not prevent the application of Rule 604 b in an action to foreclose a property owner's right to redeem property sold at a tax sale. We hold further that the Circuit Court for Montgomery County (Thieme, J.) was not clearly erroneous in applying the rule under the

---

1. Art. 81, § 111, states:
"Upon redemption, the plaintiff shall be entitled to be reimbursed for expenses actually incurred in a proceeding to foreclose the right of redemption. In addition, the plaintiff, upon redemption, shall be entitled to be reimbursed for fees actually paid for recording the certificate of sale, for actual attorney's fee, not to exceed the sum of $100.00, for expenses actually incurred in the service of process by publication, for fees for a necessary title search, not to exceed $75 for each property, except that the court, upon proof that the search was unusually difficult, may allow not more than $100 for each search, and for taxes, together with interest and penalties thereon, arising subsequent to the date of sale which have been actually paid by the plaintiff. The plaintiff shall not be entitled to be reimbursed for any other expenses incurred by him."

2. Maryland Rule 604 b states:
"In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay, the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorney's fees."

circumstances. These holdings require that the judgment below be affirmed, but, as we shall later explain, with some modification as to the amount of attorney's fees awarded.

The trial judge's finding that the appellants proceeded without substantial justification was predicated primarily on the fact that the issues raised by the appellants in this case had already been settled in previous litigation in which the appellants had participated. An understanding of the present case requires a recitation of the factual and legal posture of the previous litigation.

I

In December 1972 the appellants received notice of tentative assessments for the 1973 levy year of $12,380 on a 20 acre parcel of land and $1,980 on a 1 acre parcel of land owned by them in Montgomery County. The tentative assessments, resulting in a tax levy on the parcels of $534.70, were, in the appellants' view, a "huge increase" over the assessments of the previous year. Consequently, a protest was filed. The Supervisor of Assessments, after a hearing in July 1973, entered the tentative assessments as final assessments for the 1973 levy year.

While an appeal of the Supervisor's ruling was pending before the Property Tax Assessment Appeal Board, the appellants received the tax bill based on the increased assessments. The appellants failed to pay the bill. On June 10, 1974, the collector of taxes held a tax sale at which the appellee, John T. Hardisty, purchased the property and received certificates of sale for each parcel. Shortly thereafter, on July 1, 1974, the Tax Assessment Appeal Board reduced the assessments on the parcels. After the reduction the tax due on the two parcels was $34.56. A revised tax bill, including a charge for both interest on the unpaid 1973 taxes and costs of the tax sale, was sent to the appellants. The appellants objected to the imposition of the additional charges. Following an unsuccessful attempt in the Circuit Court for Montgomery County to enjoin the Director of Finance from collecting the interest and costs, the appellants appealed to this Court.

The issue raised at that time and resolved in an opinion by Powers, J., in *Brown v. Montgomery County*, 30 Md. App. 107, 351 A. 2d 156 (1976), was whether taxes based upon an assessed valuation made final by the Supervisor of Assessments may be collected while an appeal from that assessment is pending. The appellants proposed that a taxpayer "should be required to pay taxes based upon a final assessment only after exhaustion of his appeal rights". In response the Court stated that the appellants' proposition voiced "an understandable taxpayer grievance, but if the law were as appellants would have it, the capability of the taxing authority to perform its public functions could be brought to a standstill by mass appeals. The potential harm of such a rule is intolerable to government." *Id.* at 109, 110. After noting both the absence in Art. 81 of any provision which postpones or suspends the obligation to pay taxes while an appeal is pending and the presence of provisions imposing a mandatory duty on the collector of taxes to proceed to sell "the property of the taxpayers for delinquent taxes assessed and billed for the taxable year starting 1 July 1973", the court held as follows:

"... [T]he obligation to pay taxes, legally assessed and legally billed, was not stayed or suspended pending an appeal from the assessment, and ... *non-payment by the taxpayers here inevitably resulted in a sale of their property by the collector of taxes and the requirement upon them to pay interest, penalties and costs in order to redeem their property"*. *Id.* at 112, 113. (Emphasis added)

With respect to recovering a refund for overpayment after an assessment has been reduced, the Court pointed out that the taxpayers are adequately protected by Art. 81, § 214. Judge Powers further stated as follows:

"... The amount which the taxpayers were told they must pay in order to redeem their property from the tax sale included interest, penalties, and advertising and other costs of the tax sale, as required by Art. 81, § 93. The position of the

taxpayers was and still is that they should not have been required to pay any taxes while the appeal from the assessment was pending. The appellants do not disagree with the manner in which the redemption law was applied, but they contend that it should not have been applied at all." *Id.* at 112.

Art. 81, § 93, clearly provides that the "person redeeming shall pay to the collector the whole amount of money received by such collector from the sale of the property, together with interest at the rate of six percent per annum from the date of sale to the date of the payment of the redemption money . . .". It is not disputed that the collector received from the tax sale of the property the 1973 taxes ($534.70) that had been levied on the higher assessments.

## II

On June 9, 1976, the appellee, pursuant to Art. 81, § 100, filed the present action to foreclose all rights of redemption of the two parcels he had purchased at the tax sale on June 10, 1974. The bill of complaint correctly stated the amount necessary for redemption as including the $530.70 in unpaid taxes appellee paid for the property based on the 1973 higher assessment that was in effect at the time of the sale.

Art. 81, § 94, provides that if a property owner wishes to redeem his property after an action to foreclose the right of redemption has been instituted, he must "apply to the court before which such action is pending to fix the amount necessary for redemption . . . ." Ordinarily, this procedural step in the process is a mere formality free of controversy — and it should have been in this case. Nevertheless, the appellants, while complying with Art. 81, § 94 by applying to the court to fix the redemption amount, did so in combination with various other pleadings (an Answer, Petition for Rehearing, and Amended Answer) in which they persisted in their contention that their property "was sold under an invalid levy and that the taxes are invalid; that the proceedings to sell were invalid, and the property in question was sold at an invalid sale, and . . . that the amount for redemption should be" "the taxes for the levy year commencing July 1, 1973"

based on the assessments as determined on appeal by the Tax Assessment Appeal Board and not on the assessments in effect at the time of the tax sale. This, of course, was directly contrary to our holding in *Brown v. Montgomery County, supra.*

A hearing on the matter was finally held on January 4, 1978 before Judge Thieme. At the hearing, one of the appellants, a practicing attorney, who had actively participated in the previous litigation, testified that he based his contention that the property was sold under an invalid levy "upon the fact that a levy, a tentative, a proposed increase in assessment does not become a valid assessment until the appeal time has lapsed" and that "we are here to get a ruling on the validity of whether the County, Montgomery County can validly sell on what is a tentative assessment while the process of getting the assessment to finality is in process". Judge Thieme responded, correctly we think, that "the Court of Special Appeals has answered that question quite clearly."

At the conclusion of the hearing Judge Thieme passed two separate orders. The first determined the same amounts necessary for redemption, plus incidental costs and accrued interest, that had been stated in appellee's bill of complaint.[3] Apparently finally convinced that *Brown v. Montgomery County, supra,* would render futile any further attempt to attack the tax sale, no appeal was taken from this order. Judge Thieme's second order invoked the "without substantial justification" provisions of Md. Rule 604 b and required the appellants to pay to appellee's attorney $1,125.00 "for legal fees and costs incurred in the prosecution of this action". It is from this second order that the appellants have taken this appeal.

### III

The appellants do not question the validity, *vel non,* of Rule 604 b itself, or the power of the Court of Appeals to adopt

---

**3.** And the same amount that had been contained in a prior *ex parte* order of court (Frosh, J.) dated July 12, 1976 that had been entered after appellants' initial Answer. This order was stricken after the court received appellants' "Petition for Rehearing" on July 19, 1976.

the rule. They seek reversal of Judge Thieme's Order on two grounds. Firstly, they contend that the $100 limitation on attorney's fees contained in Art. 81, § 111 prevents application of the Rule. Secondly, they contend that even if the rule applies, there was "substantial justification" for the proceedings had by them.

### Applicability of the Rule

Maryland Rule 1 (Scope of Rules) provides that in addition to applying to procedure generally, both at law and in equity, Rule 604 b applies as well "to the Special Proceedings dealt with in Chapter 1100" of the Rules. One of the "Special Proceedings dealt with in Chapter 1100" is tax sales. See Rule BS40, providing that "the procedure for tax sales . . . shall be in accordance with Code, Article 81, Sections 70 to 123". The Maryland Rules of Procedure, of course, "have the force of law, replacing inconsistent legislative provisions, subject only to the power of the Legislature to provide otherwise". *Hauver v. Dorsey,* 228 Md. 499, 502, 180 A. 2d 475 (1962); Md. Constitution, Art. IV, § 18.

Both the statute (Art. 81, § 111) and the rule (604 b) deal with attorney's fees. In our view, however, they are neither irreconcilable nor mutually repugnant. It is therefore not necessary to determine which takes precedence over the other. The allowance for attorney's fees in the statute contemplates the usually non-controversial and clearly defined procedural steps required of a tax sale purchaser in the redemption process. It is inconceivable to us that the Legislature would have restricted the purchaser to reimbursement of only $100 for attorney's fees if he were required to defend against frivolous claims in the proceedings. The statute simply does not contemplate, and therefore does not address, that possibility. Rule 604 b does address that possibility, providing for "reasonable attorney's fees" if the possibility becomes a reality. We think that read together the statute and the rule can be harmonized so as to give effect to both. As said by the Court of Appeals in

*Commission on Medical Discipline v. Bendler,* 280 Md. 326, 330, 373 A. 2d 1232 (1977),

"... Where, as here, two statutes deal with the same subject matter and are not inconsistent with one another, they must be construed together and, to the extent possible, full effect given to each. [Citations omitted]. While these statutes were enacted at different times and contain no reference to each other, they must be harmonized insofar as possible. [Citations omitted.]"

*See also Smith v. Gray Concrete Pipe Co., Inc.,* 267 Md. 149, 155, 297 A. 2d 721 (1972), where the Court held that the rule that two statutory provisions that are "neither irreconcilable nor mutually repugnant" should be construed in harmony with their respective objects and tenor is especially applicable where the statutes relate to the same subject matter.

In sum, we hold that Rule 604 b is applicable to proceedings to foreclose redemption rights under Article 81 and that in awarding reasonable attorney's fees under the rule the court is not restricted to the monetary limitation contained in § 111.

### Without Substantial Justification

In ruling on appellee's request for attorney's fees under Rule 604 b, Judge Thieme found as a fact that "the case was without substantial merit". We interpret this as a factual finding under the rule that the "proceeding[s]" "had" in the foreclosure action by the appellants, as the "moving part[ies]" were "without substantial justification". So interpreted, we cannot say that his finding was clearly erroneous under the circumstances. Rule 1086.

The amount awarded was based on an itemized statement of charges for services performed by appellee's attorney in connection with the proceedings to foreclose, billed at the rate of $50.00 per hour. Included in the statement was the following item, for which $200 was allowed:

"(a) June of 1976: Negotiated extensively with defendant R. E. Brown as to whether it would be

necessary to file suit; prepared Bill of Complaint to Foreclose Rights of Redemption and filed same.

4 hours"

It is the allowance for this item that we think requires modification of the Order. The rule speaks to attorney's fees incurred in a "proceeding" in "an action or part of an action" in which "the moving party" in the proceeding acts ". . . without substantial justification . . . ." The rule does not contemplate reimbursement of attorney's fees incurred during negotiations prior to the time an action is filed or proceedings are "had" in that action. Moreover, in this case, the bill of complaint filed by the appellee against the appellants cannot be said to have been filed "without substantial justification". At that point, the appellee, not the appellants, was "the moving party". The appellee argues that were it not for the appellants' refusal to redeem the property within two years after the tax sale by paying the proper redemption money it would not have been necessary to file his bill of complaint. This may be true. *See* Art. 81, § 100. On the other hand, we find nothing in Article 81 *requiring* a property owner to redeem at any time. An owner's *right* to redeem, however,

> ". . . exist[s] and continue[s] until finally barred by decree of the court of equity in which the foreclosure proceeding is filed". Art. 81, § 100. *Heill v. Staniewski,* 265 Md. 722, 725, 726, 291 A. 2d 449 (1972); *Cahn v. Prince George's Homes,* 38 Md. App. 280, 284, 378 A. 2d 157 (1977), *aff'd., Pr. George's Homes v. Cahn,* 283 Md. 76, 389 A. 2d 853 (1978)."

Appellants' failure to redeem, prior to the filing of the foreclosure action, can not be equated to a "proceeding" had by them "without substantial justification".

For the above reasons, we hold that it was error to reimburse the appellee for the $200 attorney's fee charged in the item described. The other items contained in the attorney's statement clearly cover charges resulting from "proceedings" "had" by the appellants in the foreclosure action, and as indicated earlier, we cannot say the trial court

was clearly erroneous in finding them to be "without substantial justification". The appellants do not challenge the reasonableness of the fees awarded — only that they should have been awarded at all under Rule 604 b.

> *Order awarding $1,125 attorney's fees modified by reducing award to $925.*
> *As modified order affirmed.*
> *Costs to be paid by appellants.*