550 A.2d 703

**Alice JOHNSON**

v.

**Hilda M. SWANN.**

**No. 139, Sept. Term, 1987.**

Court of Appeals of Maryland.

Dec. 5, 1988.

Marian McKennan, Legal Aid Bureau, Inc., Centreville, Joy Sakamoto–Wengel, Baltimore, on brief, for appellant.

Michael Francis O'Connor, Easton, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and BLACKWELL, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

BLACKWELL, Judge.

In this landlord-tenant dispute, a District Court appeal was dismissed by the Circuit Court for the reason that a complete transcript of the record had not been filed within the time set for conducting an expedited appeal.

The central issue is whether Maryland Rule 1325(a), governing appeals from District Court, should apply to appeals on the record arising under the Real Property provisions relating to holdover tenants. Maryland Rule 1325(a) provides in full: "Within sixty days after the first order for appeal is filed, unless a different time shall be fixed by order entered pursuant to section b of this Rule, the clerk of the lower court shall transmit the record to the appellate court." Maryland Code (1974, 1981 Repl.Vol.), Real Property Article, § 8–402(b)(2), states in pertinent part:

> The appellate court shall, upon application of either party, set a day for the hearing of the appeal, not less than five nor more than 15 days after the application, and notice for the order for a hearing shall be served on the opposite party or his counsel at least five days before the hearing.[1]

We granted certiorari to determine whether an irreconcilable conflict exists between the rules and the statute. Because these provisions can be interpreted as a consistent and harmonious body of law, there is no conflict. We explain.

As this case involves a procedural question, we shall limit our discussion of the factual background. Petitioner, Alice Johnson (Johnson), is the owner of a mobile home, and has leased the property on which it is located from Hilda M. Swann (Swann) on a month to month basis for more than ten years. On April 2, 1987, Swann filed a Complaint and Summons Against Tenant Holding Over against Johnson in the District Court of Maryland sitting in Talbot County.[2] A

---

1. All references to the Maryland Code are to the Real Property Article, unless otherwise indicated. This provision is consistent with § 8A–1702(b)(2), which is contained in Title 8A, the Maryland Mobile Home Parks Act of 1980. Here, the complaint did not specify whether the action was filed pursuant to §§ 8–402 or 8A–1702. At trial in the District Court, the landlord contended that § 8–402 was applicable, while the tenant maintained that § 8A–1702 applied. The Circuit Court judge declined to specify whether §§ 8–402 or 8A–1702 controls. Because the pertinent language is identical, we shall refer to the five to 15 day hearing requirement only under the language of § 8–402.

2. Swann filed a standard District Court Form, DC/CV 80 (Rev. 9/84).

contested trial was held during which Johnson raised several defenses under the Mobile Home Parks Act of 1980, including retaliatory eviction. *See* § 8A–1301. On June 5, 1987, the District Court issued a judgment awarding possession to Swann.

That same day, Johnson filed a Notice of Appeal to the Circuit Court for Talbot County.[3] A Motion to Stay Execution of the Warrant of Restitution was also filed.[4] As the amount in controversy exceeded $1,000, an appeal on the record was mandated. *See* Maryland Code (1974, 1984 Repl.Vol), Courts and Judicial Proceedings Article, § 12–401(d).[5] On June 12, 1987, Johnson filed a request for a transcript of the District Court proceedings to be included in the record on appeal.[6] Subsequently, on July 1, 1987, Swann filed a Request for Immediate Hearing within five to 15 days of application, pursuant to §§ 8–402(b)(2) and 8A–1702(b)(2). Johnson filed a Request for Postponement alleging that the record was incomplete and that no hearing was provided by the Maryland Rules until the full record had been transmitted to the Circuit Court. Johnson's motion was denied, and the appeal was dismissed on July 9, 1987. In a Final Judgment Order, filed July 20, 1987, the court stated:

> The Court finds that there is a conflict between the statutory provisions for Appeal in Landlord/Tenant cases for Tenant holding over and the Maryland Rules govern-

---

3. Although the Notice of Appeal was stamped "Filed, June 5, 1987", the District Court docket entries indicate that it was not officially entered until June 8, 1987.

4. The Appeal Bond was set at $2,000 by the District Court; Johnson filed her Bond and Affidavit in the form prescribed by § 8–402(b)(2) and a stay was issued on June 23, 1987.

5. The 1987 Amendment, effective January 1, 1988, substituted "$2,500" for "1,000" in subsection (d).

6. A partial record was transmitted to the Circuit Court on June 23, 1987. This contained only the docket entries, original papers and exhibits. The transcript of the District Court proceedings was later filed on July 27, 1987.

ing appeals from the District Court.... Where statutory provisions conflict with rules of Court, the statutory provisions must take precedence.... The Appellant, Alice Johnson, Plaintiff on Appeal, having caused no record to come before this Court at this time, has not met [her] burden under this Appeal, therefore it is the decision of this Court that the Appeal must be dismissed.

We disagree with the reasoning of the Circuit Court. We find no merit in the conclusion that § 8–402 and Maryland Rule 1325(a) are inconsistent, and that the general statute must take precedence over the Maryland Rules. In essence, this is an erroneous interpretation.

Section 18 of Article IV of the Maryland Constitution expressly grants to this Court the authority to adopt "rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this state," and provides that rules so adopted "shall have the force of law."[7] *See Montgomery County v. McNeece,* 311 Md. 194, 206, 533 A.2d 671, 677 (1987); *Hill v. State,* 218 Md. 120, 127, 145 A.2d 445, 449 (1958). Under this section, the legislature may rescind, change, or modify a rule promulgated by the Court of Appeals. *Funger v. Mayor of Somerset,* 244 Md. 141, 150, 223 A.2d 168, 173 (1966) (citing *Hensley v. Bethesda Metal Co.,* 230 Md. 556, 558, 188 A.2d 290, 291 (1963)). The Maryland Rules of Procedure generally apply despite a prior statute to the contrary and until a subsequent statute would repeal or modify the rule. *See County Fed. S. & L. Ass'n v. Equitable S. & L. Ass'n,* 261 Md. 246, 253, 274

---

7. Subsection (a) of § 18 provides in its entirety:

(a) The Court of Appeals from time to time shall adopt rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law. The power of courts other than the Court of Appeals to make rules of practice and procedure, or administrative rules, shall be subject to the rules and regulations adopted by the Court of Appeals or otherwise by law.

A.2d 363, 367 (1971) (citing *Hensley, supra,* 230 Md. at 559–62, 188 A.2d at 291–92).

Furthermore, we have consistently ruled that "where two statutory provisions are neither irreconcilable nor mutually repugnant, they should be construed in harmony with their respective objects and tenor." *Department of Natural Resources v. France,* 277 Md. 432, 461, 357 A.2d 78, 94 (1976) (citations omitted). In *Brown v. Hardisty,* 40 Md. App. 688, 395 A.2d 154 (1978), the Court of Special Appeals interpreted Maryland Code (1957, 1975 Repl.Vol., 1978 Cum. Supp.), Article 81, § 111 and Maryland Rule 604 relating to attorney's fees, and held that both provisions may be harmonized so as to give effect to both. *Id.* at 694, 395 A.2d at 158. We are persuaded that the *Brown* reasoning may be applied in the context of the present case.

A review of the legislative history of § 8–402 reveals that it was not intended to apply to appeals on the record. The five to 15 day hearing requirement originates in Chapter 534 of the Laws of Maryland of 1912.[8] At the time of its enactment, all appeals to trial courts of general jurisdiction were tried de novo. It was only with the establishment of the District Court in 1971 that the General Assembly set forth a distinction between de novo appeals and appeals on the record in the District Court.[9] *See* Maryland Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article, § 12–401(d); *see also Harper v. State,* 312 Md. 396, 405, 540 A.2d 124, 128 (1988) (reasoning that it was not until the creation of the District Court in 1971 that any provision was

---

**8.** Md.Code (1912), Article 53, § 4A; *see also* Md.Code (1924), Article 53, § 5; all subsequent revisions and renumbering of the Landlord–Tenant Code have not changed the substance of the five to 15 day requirement. The amendments to § 8–402, relating to appellate procedure, were technical or stylistic.

**9.** Ch. 789 of the Acts of 1969 was ratified November 3, 1970 (constitutional amendment creating District Court). Section 12–401(d) was enacted by Ch. 528 of the Acts of 1970. The Maryland District Court Rules and Chapter 1300 of the Maryland Rules of Procedure were adopted by the Court of Appeals, effective July 5, 1971.

made to record or transcribe the testimony in cases tried in courts of limited jurisdiction). The manifest intention of the legislature in adopting the five to 15 day requirement was to provide for a prompt hearing in de novo appeals.

In applying these principles to the present case, it is our view that § 8–402(b)(2) and Maryland Rule 1325(a) are neither irreconcilable nor mutually repugnant. Consistent with the scope and purpose of the Maryland Rules regarding District Court appeals, the hearing date should not have been set prior to the reception of a complete record in the appellate court. Maryland Rule 1345 provides that, in an appeal on the record from the District Court, any request for oral argument is to be "filed with the clerk of the appellate court within ten (10) days after the filing of the *record on appeal.*" [Emphasis added]. Pursuant to Maryland Rule 1326(d), it is evident that the "Contents of Record" includes all of the original papers *and* the transcript of testimony. The above rules, however, do not provide any specific time in which the argument should be heard. The five to 15 day hearing requirement of § 8–402 should be interpreted as supplementing the procedural rules by providing for an expedited hearing in de novo appeals. It also applies to appeals on the record, but only after a complete record has been transmitted.

There are valid reasons why the time for setting an appeal on the record hearing date should await the time for transmittal of the record pursuant to Maryland Rule 1325(a). Because § 8–402 provides no specific reference to the contents of or time for transmitting the record in an appeal from District Court, it is imperative that Maryland Rule 1325(a) be given full effect. Pursuant to the rule, it is the responsibility of the lower court clerk to transmit the record within 60 days after the Order for Appeal is filed. Here, the filing of the transcript occurred on July 27, 1987. This was clearly within the mandated time period.[10] No further action was required on the part of Johnson in order

---

10. The Notice of Appeal was officially entered on June 8, 1987.

to insure timely processing of the District Court transcript. A contrary ruling would lead to absurd and illogical consequences. It is unreasonable to expect the District Court's transcribing unit to prepare voluminous transcripts for appeals on the record within five to 15 days of the filing of an application for expedited hearing.[11]

In addition, Swann may have sought an expedited transmittal of the record. Maryland Rule 1325(b) allows the appellate court to direct that the record be transmitted in a shorter time period upon application of either party or upon its own motion. In the instant case, no such motion was filed nor did the court direct that the time be shortened. Under these circumstances, the Circuit Court should have granted Johnson's Motion for Postponement to permit the record to be timely transmitted. As the record on appeal, as defined in Maryland Rule 1326, had not been filed on July 1, 1987, Swann's Request for Immediate Hearing was premature. Dismissal of a District Court appeal is governed by the grounds set forth in Maryland Rule 1335.[12]

As a final consideration, Swann maintains that Maryland Rule 3–711 is supportive of her principal position that the Maryland Rules should not apply to landlord-tenant actions if they are inconsistent with the applicable general statutes.[13] However, Maryland Rule 3–711(2) specifically limits its scope to "the rules of this Title," which refers only to

---

11. The actual transcribing of records for District Court appeals is conducted in a central office located in Annapolis, Maryland.

12. Subsection (b)(4) of Md.Rule 1335 provides that an appeal may be dismissed when "the record has not been transmitted within the time prescribed by Rule 1325 (Record—Time for transmitting)."

13. Maryland Rule 3–711 provides in its entirety:
    Landlord-tenant and grantee actions shall be governed by (1) the procedural provisions of all applicable general statutes, public local laws, and municipal and county ordinances, and (2) unless inconsistent with the applicable laws, the rules of this Title, except that no pretrial discovery under Chapter 400 of this Title shall be permitted in a grantee action, or an action for summary ejectment, forcible entry and detainer, or distress for rent, or an action involving tenants holding over.

Title 3, Civil Procedure—District Court. It makes no reference to the Maryland Rules in general, or to any other chapter. District Court appellate procedure is governed by Chapter 1300 of the Maryland Rules. In the present case, Swann's reliance on Maryland Rule 3–711 is misplaced.

For the reasons set forth above, Petitioner's right to appeal should not have been denied.

JUDGMENT OF THE CIRCUIT COURT FOR TALBOT COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY RESPONDENT.