589 A.2d 483

**Jerry R. REVIS**

v.

**MARYLAND AUTOMOBILE INSURANCE FUND.**

**No. 98, Sept. Term, 1990.**

Court of Appeals of Maryland.

May 9, 1991.

Stephen S. Winegrad, Owings Mills, for petitioner.

Faith R. Adelman, Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and CHARLES E. ORTH, Jr., Judge (Retired, Specially Assigned).

KARWACKI, Judge.

On January 11, 1988, Jerry R. Revis, while a pedestrian, was struck by an uninsured motorist. At that time he was the named insured in a motor vehicle liability policy covering his personal automobile issued by the Maryland Automobile Insurance Fund (MAIF). That policy provided him with $2,500 in personal injury protection (PIP) benefits and uninsured motorist (UM) coverage of $25,000. Thereafter, Revis's employer paid $11,061.71 in workers' compensation for the injuries and disabilities Revis suffered in the accident. We granted certiorari to resolve the dispute which subsequently arose between Revis and MAIF as to the extent of the PIP and UM benefits due Revis.

At the time of the accident Maryland Code (1957, 1986 Repl.Vol.) Article 48A[1] required MAIF to provide PIP and UM coverages in the motor vehicle liability policy insuring Revis in the following pertinent particulars:

Section 539(a)

No policy of motor vehicle liability insurance shall be issued, sold or delivered in this state ... unless the policy also affords the minimum medical, hospital and disability benefits set forth herein.... The benefits, or their equivalent, shall cover the named insured ... injured in any motor vehicle accident (including an accident involving an uninsured motor vehicle ...)[2]

Section 541(c)(2)

In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance issued, sold, or delivered in this State ... shall contain coverage ... for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an

---

1. All further statutory references will be to this Article of the Code.

2. Chapter 555 of the Acts of 1989 amended § 539 to permit a named insured in a motor vehicle liability policy to waive PIP coverage. That amendment has no application to the instant case.

accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle....

Section 543(d)

Benefits payable under the coverages required in §§ 539 and 541 of this article shall be reduced to the extent that the recipient has recovered benefits under workmen's compensation laws of any state or federal government.

■ Revis made claims under his PIP and UM coverages. MAIF settled the UM claim for policy limits, i.e., $25,000, but in accordance with § 543(d), it reduced its agreed settlement by the amount Revis had recovered in workers' compensation, $11,061.71. Thereafter, MAIF rejected Revis's PIP claim in its entirety, contending that § 543(d) barred this $2,500 claim since Revis had recovered workers' compensation in excess of that amount.

Revis brought suit in the District Court of Maryland, sitting in Baltimore City, to recover his unpaid PIP claim from MAIF. The District Court found in his favor, but on appeal to the Circuit Court for Baltimore City, that judgment was reversed. We granted Revis's petition for certiorari.

■ In construing § 543(d) under the factual predicate presented by the instant case, we apply well-settled rules of statutory construction. Our ultimate aim is to effect the legislative intent. To accomplish this the words of the statute are to be given their ordinary and natural import. *NCR Corp. v. Comptroller*, 313 Md. 118, 124, 544 A.2d 764, 767 (1988), since the language of the statute is the primary source for determining the legislative intent. *State v. Fabritz*, 276 Md. 416, 421, 348 A.2d 275, 278 (1975), *cert. denied*, 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976). Nevertheless, the language of the statute must be considered with reference to the purpose, aim or policy of the legislature reflected in that statute. Moreover, a statute must be construed in the context of the statutory scheme in which it appears. *Jones v. State*, 311 Md. 398, 405, 535

A.2d 471, 474 (1988). In any event, results that are unreasonable, illogical, or inconsistent with common sense should be avoided. *Potter v. Bethesda Fire Dept.*, 309 Md. 347, 353, 524 A.2d 61, 64 (1987).

Section 543 was enacted as part of a broad comprehensive statutory scheme governing motor vehicle insurance and reparations for damages suffered in automobile accidents. *State Farm Mut. v. Ins. Comm'r*, 283 Md. 663, 674, 392 A.2d 1114, 1120 (1978). Prohibiting the duplication of certain benefits was one of the expressed purposes of that enactment. *Id.* Nevertheless, it is equally clear that the General Assembly did not intend to prohibit duplication of all benefits. Thus, in §§ 539(a) and 541 it expressly provided that a recipient of UM benefits is also entitled to recover under the PIP provisions of his or her policy.

Based on the plain meaning of the words employed in § 543(d), we have held that where an insured recovers workers' compensation in excess of the amount of his PIP coverage, the insured is not entitled to any PIP benefits. *Smelser v. Criterion Ins. Co.*, 293 Md. 384, 444 A.2d 1024 (1982). And in *Hines v. Potomac Elect. Power Co.*, 305 Md. 369, 377, 504 A.2d 632, 636 (1986), we extended that holding to reduce UM benefits by the amount of any workers' compensation recovered by the insured, explaining:

> we believe that *Smelser's* reading of § 543(d), based upon the plain language of the statute, is no less applicable to benefits payable under the UM coverage required by § 541.

Additionally, in *Hines,* we applied § 543(d) to bar recovery of both PIP or UM claims where the insured had previously recovered workers' compensation in an amount exceeding the total of the insured's PIP and UM coverage. Unlike *Hines,* however, Revis's workers' compensation benefits did not exceed the total of his PIP and UM coverage.

Under the express terms of §§ 539(a) and 541 Revis was entitled to $27,500 in PIP and UM payments had he not filed a workers' compensation claim. MAIF would have us di-

vine an intention on the part of the Legislature to limit his recovery to $25,000 under his policy because he chose to pursue his workers' compensation claim before seeking his benefits under the PIP and UM provisions in his MAIF policy. We believe that such a construction of § 543(d) is illogical.

Considering the language of § 543(d), the statutory scheme in which it appears, and the purpose of the General Assembly in enacting that comprehensive statutory scheme, we hold that the § 543(d) reduction of PIP and UM benefits by any workers' compensation recovery is to be applied to the total benefits due the insured under the PIP and UM coverages provided in the policy. Where the workers' compensation recovered by the insured is less than the total of the amounts due the insured under the PIP and UM coverages, the insured is entitled to the difference. Thus, the circuit court erred in permitting MAIF to deduct the workers' compensation recovery twice, first from the UM benefit and then from the amount due Revis under his PIP coverage.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH THE DIRECTION TO AFFIRM THE JUDGMENT OF THE DISTRICT COURT OF MARYLAND. COSTS IN THIS COURT AND IN THE CIRCUIT COURT FOR BALTIMORE CITY TO BE PAID BY THE RESPONDENT.