601 A.2d 1123

**STATE of Maryland**

v.

**Laura Beth CARDINELL.**

**No. 686, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Feb. 26, 1992.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, James L. Sherbin, State's Atty. for Garrett County, Oakland, on the brief), for appellant.

Richard F. Green (Burnett, Eiswert, Janes, Conger & Green, P.A., on the brief), Oakland, for appellee.

Argued before WILNER, C.J., and BISHOP and GARRITY, JJ.

BISHOP, Judge.

The State appeals from an order of the Circuit Court for Garrett County that suspended appellee Laura B. Cardinell's sentence for narcotics offenses to time served and placed her on supervised probation for a period of three years.

The State presents the following issue:

Whether the circuit court erred when it purported to modify Cardinell's sentence after it lost revisory power over the sentence and when it failed to make the purported modification on the record in open court?

We hold that the circuit court erred in both respects. We discuss whether a trial court has authority to modify a sentence after having denied a Motion for Revision of Sentence and whether the State has the right to appeal any such modification of the sentence.

## FACTS

Appellee, Laura B. Cardinell ("Cardinell"), was indicted by a grand jury on three counts of distribution of cocaine, pursuant to Md.Ann.Code art. 27, § 286 (Supp.1991), and three counts of possession of cocaine, pursuant to Md.Ann. Code art. 27, § 287 (1987). She pled guilty to one count of distribution and two counts of possession, and was sentenced on October 4, 1990 to three years of imprisonment—

six months consecutive for each of the two possession counts and two years consecutive for the distribution count. On December 27, 1990, Cardinell filed a Motion for Revision of Sentence, pursuant to Md.Rule 4–345. The court denied the motion on January 3, 1991. Thereafter, Cardinell filed a Supplemental Motion for Revision of Sentence on May 1, 1991. The court granted this motion the same day by order directing that the terms of Cardinell's incarceration be suspended to time served and that she be placed on supervised probation for a period of three years. On May 3, 1991, the State filed an Answer to Cardinell's Supplemental Motion for Revision of Sentence arguing that the circuit court lacked authority to grant Cardinell's Supplemental Motion and revise her sentence. The State timely noted an appeal to this Court on May 22, 1991.

## DISCUSSION

### I.

#### *Authority to Revise Sentence*

■ Md.Rule 4–345(b) addresses a court's revisory power over a sentence. Subsection b provides:

**(b) Modification or Reduction—Time for.**—The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. The court may modify or reduce or strike, but may not increase the length of, a sentence. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) [Desertion and Non-support Cases] of this Rule.

Cardinell did not contend that her sentence involved fraud, mistake or irregularity; therefore, as prescribed by Rule 4–345, the circuit court's revisory power over Cardinell's sentence was triggered when Cardinell filed a Motion for Revision of Sentence within 90 days after imposition of her sentence. The plain language of Rule 4–345 does not

require that a judge revise a sentence within 90 days after its imposition; it requires only that a motion for revision be filed within 90 days after sentence has been imposed. The motion for revision may, in fact, be acted upon by a judge more than 90 days after the imposition of sentence, provided that the motion was filed within the prescribed 90 day period. Thus, had the court ruled on Cardinell's motion after 90 days had expired, it would still have had jurisdiction to reduce her sentence. In this case, however, the court denied Cardinell's original Motion for Revision of Sentence and, thereafter, attempted to grant her Supplemental Motion for Revision of Sentence, which was filed approximately seven months after Cardinell's sentence was imposed. Although Cardinell attempted to characterize her second request for a reduction of her sentence as "supplemental" to her first request, and argued that her supplemental motion "referred to and incorporated the original motion," Cardinell's supplemental motion was a separate request that did not meet the time requirements of Rule 4–345(b). After the trial court ruled on Cardinell's original motion and 90 days elapsed from the imposition of her sentence, it lost revisory power and control over her sentence. At the time the trial court purported to rule on Cardinell's supplemental motion and reduce her sentence, it lacked judicial authority to grant her request. We will, therefore, vacate the order of May 1, 1991 and remand for reinstatement of the sentences as originally imposed.

■ In addition to the foregoing, we observe that the trial court also erred by reducing Cardinell's sentence without holding a hearing and affording the State an opportunity to be heard on the matter. Subsection (c) of Rule 4–345 clearly states:

(c) **Open Court Hearing.**—The court may modify, reduce, or vacate a sentence only on the record in open court after notice to the parties and an opportunity to be heard.

In the case *sub judice*, the trial court merely issued an order granting Cardinell's Supplemental Motion for Reduc-

tion of Sentence: the court did not notify the State prior to the revision; no hearing was held at which the State was provided with an opportunity to be heard; and the revision was not made on the record in open court. This was erroneous.

## II.

### State's Right to Appeal

■ Cardinell contends that the State does not have a right to appeal the revision of her sentence. We disagree and explain.

Section 12–302(c)(2) of the Courts Article provides:

(c) In a criminal case, the State may appeal as provided in this subsection.

\* \* \* \* \* \*

(2) The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code.

Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(2)(1989). Cardinell argues that because the applicable sentencing provisions of Article 27, § 286 and § 287 do not mandate a particular sentence, the trial court's revision of Cardinell's sentence did not avoid "the legislative directives of the *Code.*" Cardinell's interpretation of § 12–302(c)(2) is too narrow.

■ The Constitution of Maryland gives the Court of Appeals rule-making power:

The Court of Appeals from time to time shall adopt rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this State, which shall have **the force of law** until rescinded, changed or modified by the Court of Appeals or otherwise by law.

Md. Const. art. IV, § 18A (emphasis added). The rule-making authority of the Court of Appeals, within its authorized scope, is legislative in nature. *Ginnavan v. Silverstone,* 246 Md. 500, 504–05, 229 A.2d 124 (1967); *Kohr v.*

*State,* 40 Md.App. 92, 96, 388 A.2d 1242 (1978), *cert. denied,* 283 Md. 735. The Maryland Rules of Procedure have the same effect as laws made by the General Assembly; a Rule supersedes a statute unless and until a subsequent statute repeals or modifies the Rule. *Johnson v. Swann,* 314 Md. 285, 289–90, 550 A.2d 703 (1988).

In construing a statute, we strive to effectuate the intent of the legislature. *Jones v. State,* 311 Md. 398, 405, 535 A.2d 471 (1988). The language of the statute is the primary source for determining legislative intent. *Revis v. Automobile Ins. Fund,* 322 Md. 683, 686, 589 A.2d 483 (1991). "Nevertheless, the language of the statute must be considered with reference to the purpose, aim or policy of the legislature reflected in that statute ... In any event, results that are unreasonable, illogical, or inconsistent with common sense should be avoided. *Potter v. Bethesda Fire Dept.,* 309 Md. 347, 353, 524 A.2d 61, 64 (1987)." *Id.* at 686–87, 589 A.2d 483.

Section 12–302(c) of the Courts Article provides that the State may appeal if it "alleges that the trial judge failed to impose the sentence specifically mandated by *the Code.*" Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(2) (emphasis added). In the case *sub judice,* the State alleged, and we agree, that the trial court acted in contravention of its revisory power as set forth in Rule 4–345. Specifically, the trial court purported to revise Cardinell's sentence after it had denied her Motion for Revision of Sentence and more than 90 days elapsed from the imposition of her sentence. Under these circumstances the sentence originally imposed was the one required by law.

The legislature must have intended that the State have a right to appeal under circumstances such as these where a trial court imposed a sentence that was contrary to law. "A lower court which ... exceeds its power must be bridled by a court of last resort." *State ex rel Sonner v. Shearin,* 272 Md. 502, 526, 325 A.2d 573 (1974). Were we to interpret § 12–302(c)(2) as allowing the State to appeal only when a judge failed to impose the sentence specifically mandated

by the *Code,* as opposed to the sentence required *by law,* the legislature would be permitting the Rules to be defied with impunity, because the State could not appeal to correct the trial court's error. Because the Maryland Rules of Procedure have the force of law, there must be an appellate pathway to a court of last resort that has authority to reverse decisions that fail to comply with the Rules. We therefore interpret § 12–302(c) to permit an appeal in this case in which the State contends that the trial judge failed to impose the sentence specifically mandated by the Code, or failed to conform his imposition of the sentence with the Maryland Rules of Procedure.

■ As we explained, the State's right to appeal in this case is provided for by statute. We observe, however, that this appeal would still be permissible even if it were not grounded in a specific statutory provision. In general, "[a]ppellate jurisdiction is ordinarily 'delimited by statute,'" *Pr. Geo's Co. v. American Federation,* 289 Md. 388, 397, 424 A.2d 770 (1981) (quoting *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 90, 394 A.2d 801 (1978)); however, as explained in *Montgomery County v. McNeece,* 311 Md. 194, 198–99, 533 A.2d 671 (1987):

> It is true that even in the absence of a statute conferring the right to appeal, an appellate court may entertain an appeal to review a contention that an inferior appellate or trial court acted in excess of its jurisdiction. *Prince Geo's Co. v. American Federation,* 289 Md. 388, 398, 424 A.2d 770 (1981); *Urbana Civic v. Urbana Mobile,* 260 Md. 458, 272 A.2d 628 (1971); *Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580, 102 A.2d 248 (1954); *Darrell v. Biscoe,* 94 Md. 684, 687, 51 A. 410 (1902); *Webster v. Cockey,* 9 Gill 92, 98 (1850).

In the case *sub judice,* the State contends that the trial court acted in excess of its revisory power as set forth in Md.Rule 4–345. In essence, the State's argument is that the trial court exceeded its jurisdiction. Given this contention, the appeal need not be specifically authorized by statute.

ORDER OF THE CIRCUIT COURT VACATED; CASE REMANDED FOR REINSTATEMENT OF ORIGINAL SENTENCES. COSTS TO BE PAID BY APPELLEE.

Concurring opinion by GARRITY, J.

GARRITY, Judge, concurring.

I concur in the opinion by the majority.

My concurrence is based on jurisdictional grounds rather than the majority's interpretation of Section 12–302(c)(2) of the Courts Article. That section provides the State with the right to appeal in the event a sentencing judge "failed to impose the sentence specifically mandated by the Code."

In *State v. Hannah*, 307 Md. 390, 514 A.2d 16 (1986), the Court of Appeals construed the statute under consideration in the case at bar. In *Hannah*, the sentencing judges had imposed sentences less than the minimum five years imprisonment mandated by the handgun statute.

As explained by Judge Rodowsky:

In the case before us the State's right to appeal rises or falls on CJ § 12–302(c)(2). That special right of appeal was created to permit an appeal by the State where, as here, it contends that a trial judge had failed to impose the sentence *specifically* mandated by the General Assembly. (Emphasis added).

307 Md. at 397, 514 A.2d 16.

The very narrow State's right to appeal is, regarding sentences, strictly limited to those instances where the trial court fails to abide by a specifically mandated sentence in accordance with the Maryland Code. (Also see *State v. Shilling*, 75 Md.App. 233 (1988), wherein sentencing judge was devoid of authority to enter probation before judgment in matter of multiple driving while intoxicated convictions within five-year period.)

I agree with the majority, however, that the circuit court lost its authority under jurisdictional grounds to modify the sentence after 90 days from the imposition of sentence.

Because of such circumstance, as stated by the majority, "the appeal need not be specifically authorized by statute."