604 A.2d 942

Deborah WILSON

v.

BALTIMORE CITY POLICE DEPARTMENT, et al.

No. 1188, Sept. Term, 1991.

Court of Special Appeals of Maryland.

April 15, 1992.

Michael Marshall (Schlachman, Belsky & Weiner, P.A., on the brief), Baltimore, for appellant.

William R. Phelan, Jr., Sr. Asst. Sol. (Michael A. Fry, Asst. Sol., on the brief), Baltimore, for appellees.

Argued before WILNER, C.J., and ALPERT and WENNER, JJ.

WENNER, Judge.

On October 31, 1990, appellant, Deborah Wilson, a Baltimore City Police Officer, filed a complaint in the Circuit Court for Baltimore City seeking injunctive relief and a petition to Show Cause against appellees, the Baltimore City Police Department (Police), and its Commissioner, Edward V. Woods (Woods), in his official capacity. In her complaint, appellant alleged that administrative charges were brought against her by appellees after the statute of limitations in the Law Enforcement Officers' Bill of Rights (LEOBR) had expired.

On May 20, 1991, appellees moved for summary judgment. Appellant responded, and moved for summary judg-

ment. The motion was granted on June 16, 1991. Appellant thereupon noted this appeal. She asks us:

"Is the Baltimore City Police Department barred by the statute of limitations set forth in Section 730(b)(1) of the Law Enforcement Officers' Bill of Rights from bringing departmental charges against a police officer when the Department failed to serve the charges upon the accused officer within one year of acquiring knowledge of the incidents giving rise to the charges?"

We shall answer appellant's question in the negative and affirm the judgment of the circuit court.

## BACKGROUND

The facts of this case are not in dispute. As we said, appellant is a Baltimore City Police Officer. On July 12, 1989, Anthony Smelgus filed a complaint against appellant with the Police. According to Smelgus, he was involved in an automobile accident with appellant while she was off-duty, was not properly insured, and presented false information concerning her insurance.

The Internal Investigation Division of the Police conducted an investigation and charged appellant with having made false statements and having engaged in misconduct, bringing discredit upon the Police. On July 5, 1990, Major Daniel O. Caulk, appellant's commanding officer, signed the Departmental Charging Document. The charging document was then sent to the Administrative Bureau, where Deputy Commissioner Ronald J. Mullen approved the charges on July 6, 1990. A disciplinary hearing was set for October 4, 1990. The charges were served upon appellant on July 17, 1990.

Appellant then filed a complaint in the Circuit Court for Baltimore City, seeking injunctive relief. In her complaint, appellant alleged that the one year statute of limitations in the LEOBR meant that formal charges had to be served by the Police upon the charged officer within one year from the date of the complaint having come to the attention of

the Police. For reasons we will explain, we disagree and shall affirm the judgment of the circuit court.

## I.

Pursuant to the LEOBR, "administrative charges may not be brought against a law enforcement officer unless *filed* within 1 year after the act that gives rise to the charges comes to the attention of the appropriate law enforcement agency official." Md.Ann.Code art. 27, § 730(b)(1) (1992) (emphasis added). According to appellant, "because of different conditions that exist in reference to administrative (versus judicial) filings, traditional definitions of filing, generally applied to the judicial setting, are inapplicable in construing this term in the LEOBR." Thus, as appellant sees it, the charges against her were not filed under the LEOBR until they were served upon her on July 17, 1990, more than one year after the complaint against her was brought to the attention of the police. As a result, appellant asserts that the circuit court erroneously failed to grant her motion for summary judgment and also erred in granting summary judgment in favor of appellees.

The standard for reviewing the grant of summary judgment is well established in Maryland. In reviewing the grant of summary judgment, "we are concerned primarily with deciding whether a material factual issue exists, and in this regard, all inferences are resolved against the moving party." *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985). As in the case *sub judice,* when the alleged error in granting summary judgment is not that there are material facts in dispute, but that the prevailing party was not entitled to judgment as a matter of law, our review is limited to "whether the trial court was legally correct" in granting summary judgment. *Heat & Power Corp. v. Air Products & Chemicals, Inc.,* 320 Md. 584, 592, 578 A.2d 1202 (1990). *See also, Brewer v. Mele,* 267 Md. 437, 298 A.2d 156 (1972).

To ascertain whether the trial court was legally correct in granting appellees' motion for summary judgment, we must determine what the legislature intended in using the word "filed" in § 730(b)(1) of the LEOBR. Appellant urges us to interpret the use of the word "filed" in § 730(b)(1) of the LEOBR in two ways: (1) "that 'filed' indicates the notification to the accused officer of the charges pending," and (2) that § 730(b)(1) "must be construed to mean that a law enforcement agency bringing charges against an accused officer has one year from the date upon which it learns of the incidents giving rise to the charges to *serve* the accused officer." (Emphasis added.) Of course, in interpreting what the legislature intended by using the word "filed" in § 730(b)(1) of the LEOBR, we use the general rules of statutory construction.

One of the general rules of statutory construction is that "words of a statute are to be given their ordinary signification absent a manifest contrary intent on the part of the legislature. Results inconsistent with common sense are to be avoided." *Tatum v. Gigliotti*, 321 Md. 623, 628, 583 A.2d 1062 (1991). Giving the words of a statute their ordinary meaning is crucial because "the language of the statute is the primary source for determining the legislative intent." *Revis v. Maryland Automobile Ins. Fund*, 322 Md. 683, 686, 589 A.2d 483 (1991). Moreover, a statute must be read "without forced or subtle interpretations designed to limit its scope." *The Baltimore Sun Co. v. The Univ. of Maryland Medical Sys. Corp.*, 321 Md. 659, 669, 584 A.2d 683 (1991).

In ascertaining the intent of the legislature in using the word "filed" in § 730(b)(1) of the LEOBR, we need not go beyond the plain words of § 730(b)(1). In the LEOBR, the legislature used both the words "filed" and "notice." In § 730(a), the requirements for delivering charges to an officer are addressed:

(a) *Notice; record.*—If the investigation of a law enforcement officer results in the recommendation of some action, such as demotion, dismissal, transfer, loss of pay,

reassignment, or similar action which would be considered a punitive measure, then, ... before taking that action, the law enforcement agency shall give notice to the law enforcement officer that he is entitled to a hearing on the issues by a hearing board. The notice shall state the time and place of the hearing and the issues involved....

If the legislature intended the word "filed" in the following section, to mean that the charges against an officer had to be delivered to the officer charged within one year after the complaint was known to the police, we are at a loss to understand why § 730(b)(1) does not read:

Administrative charges may not be brought against a law enforcement officer unless *notice is given to the law enforcement officer* within 1 year after the act that gives rise to the charges comes to the attention of the appropriate law enforcement agency official.

(Changes shown in italics for emphasis.) Moreover, appellant's interpretation of "filed" is inconsistent with the traditional definition and usage of the word "filed".

According to Black's Law Dictionary 628 (6th ed. 1991), a paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file as a matter of record and reference. But, in general, "file," or "the files," is used loosely to denote the official custody of the court or the place in the offices of a court where the records and papers are kept.

We recently accepted this definition of "filed" in *Bock v. Insurance Comm'r of Maryland,* 84 Md.App. 724, 581 A.2d 857 (1990). *See also, Levy v. Glens Falls Indem. Co.,* 210 Md. 265, 273, 123 A.2d 348 (1956) ("a paper is said to be 'filed' when it is delivered to the proper officer and received by him to be kept on file").

Consequently, we hold that when charges against a police officer recommending disciplinary actions are presented to and approved by one authorized to initiate formal proceedings against the officer, the charges have been filed, as

required by § 730(b)(1) of the LEOBR. At that point, the charges against the officer become a matter of record, subject to adjudication. In Baltimore City, the law enforcement agency official authorized to approve charges against a police officer is the Deputy Commissioner of Police responsible for supervising that officer. Inasmuch as Deputy Commissioner Mullen signed the charges against appellant on July 6, 1990, the LEOBR statute of limitations had not expired. Any other interpretation of the use of the word "filed" in § 730(b)(1) of the LEOBR defies common sense and is inconsistent with the weight of authority. The circuit court was legally correct in granting appellees' motion for summary judgment.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.